126  415
126  425

# APPEALS OF W. S. READ.
## [MONTAGUE v. READ.]

FROM THE DECREES OF THE COURT OF COMMON PLEAS OF CRAWFORD COUNTY.

Argued May 1, 1889—Decided May 13, 1889.
[To be reported.]

1. Whether, if the satisfying of an old judgment which included usurious interest and the confession of a new one in settlement thereof, be simultaneous or nearly so, the court may consider the transaction a mere device fraudulently to conclude the debtor and on that ground strike off the satisfaction and open both judgments, not decided.*
2. Where, however, upon a rule to strike off the satisfaction of an old judgment and open the same to permit the usurious interest therein to be set up as a defence to a subsequent judgment for the same debt, the court finds upon sufficient evidence that the transaction was not a device to conclude the debtor, it is not error to refuse the application.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

Nos. 461, 462 January Term 1889, Sup. Ct.; court below, No. 273 November Term 1887, and No. 540 April Term 1878, C. P.

On February 17, 1887, upon petition filed by the defendant, a rule was granted upon the plaintiff to show cause why satisfaction should not be stricken off as to two judgments in favor of E. T. Montague against W. S. Read, one entered on November 20, 1877, for $703.50; the other entered on May 31, 1878, for $504, and the said judgments opened. On November 23, 1887, an order was made upon said rule as follows: "The satisfaction in the above stated judgments is stricken off so as to allow defendant to show usury paid thereon in the case of opened judgment No. 69 May Term 1886."

On March 17, 1888, the plaintiff filed a petition for a rule to show cause why the foregoing order of November 23, 1887, should not be vacated. Rule granted. On December 18, 1888,

---

*See Montague v. McDowell, 99 Pa. 269.

the defendant moved that the order of November 23, 1887, be amended by adding thereto "and that said judgments be opened for the purpose of allowing the defendant to show usury paid thereon." Rule granted.

The facts shown by the testimony taken by the parties in the foregoing several rules sufficiently appear in the following opinion by MEHARD, P. J., 35th judicial district, specially presiding, filed on March 26, 1889:

The above stated rule was granted February 17, 1887. On November 23, 1887, an order was made striking off satisfaction of above judgments "so as to allow defendant to show usury paid thereon in case of opened judgment No. 69 May Term 1886." On the part of plaintiff it is alleged that this order was unadvisedly made (see petition March 17, 1888), and that the rule should now be discharged; while on behalf of defendant it is claimed that by inadvertence the order omitted to open the judgments (see motion December 18, 1888), and that the order should now be enlarged. The facts as to this order seem to be that the court in making it acted on the belief that the plaintiff, or his attorney, was aware that the matter was being brought before the court for action at the time, and that the order was not resisted; but it also seems that this was a misapprehension, and that neither the plaintiff nor his counsel had notice as supposed. It is proper, therefore, to consider this case on its merits, especially as the order actually made is admittedly deficient.

The defendant alleges that the above stated judgments contain a large amount of usury ; that on March 5, 1881, he gave to plaintiff a note in the sum of $1,372, which embraced these two judgments, and on which judgment was entered at No. 340 February Term 1881, afterwards revived at No. 69 May Term 1886 : that said judgments were satisfied in order to cut off the defence of usury. The defendant, therefore, asks to have the satisfaction struck off, so that he may reduce the judgments on the note given March 5, 1881, by the usury contained in these judgments.

In the case of Peoples Savings Bank v. S. Newton Pettis et al., 299 January Term 1876, the conclusion was reached that a usurious judgment which had been satisfied ought not to be

disturbed unless the satisfaction was entered through fraud, accident or mistake. The argument leading to this conclusion was briefly as follows: A usurious contract is not unlawful in the sense that it is criminal, penal or against public policy; hence, while usury cannot be collected from the promisor, the payment of it concerns only the parties to the contract. If the usurious debt is paid, after having been reduced to judgment, the defendant is concluded unless he have some equitable ground for going behind his act. The simple fact of usury in the debt, is not such ground, for the defendant had knowledge of the facts and full opportunity to correct it before payment; there must be a further ground, if not accident or mistake, at least a fraudulent device to conclude the defendant from relief. Moreover, the judgment may be paid by defendant's giving his note for it, and it is effective in law as a payment of the judgment. It may indeed be evidence of a fraudulent device to bar usury, but if all the evidence shows such was not the purpose, payment by note is as conclusive against the defendant as payment in money; in that event, the most that can be said is that the new note grows out of the old debt; but it is a novation and therefore not affected by the usurious taint of the original contract: see Bly v. Bank, 79 Pa. 453; Bank v. Hottenstein, 89 Pa. 328; Montague v. McDowell, 99 Pa. 265.

In this case, the evidence shows that the defendant has only an indefinite and imperfect understanding of the transaction resulting in the satisfaction of these judgments, while the testimony on the other side is clear and distinct that they were satisfied at the request and for the accommodation of the defendant. The conclusion is, therefore, inevitable that they were not satisfied through accident or mistake, or in furtherance of a design to bar usury.

In addition to this, it should be said that the evidence is strongly against the defendant's allegation that these judgments entered into the consideration of the note of March 5, 1881. The testimony and exhibits of defendant show a vague and unreliable understanding of this whole transaction. He did not know about these judgments, and gives no account of the notes on which they were entered. He does intimate, in an indefinite way, that they embrace the debts shown by the exhibits offered in evidence. But this is improbable, in view

of their respective amounts, dates and times of falling due. For instance the note at 273 November Term 1877, is dated September 1, 1877. At this time only $81.60 of the exhibits were due. On the other hand, the testimony of the plaintiff, of Mr. Sturtevant and of Mr. Nicholls, is clear and convincing that the defendant received $1,372 in cash from the plaintiff's check of March 5, 1881, exhibit I, corresponding in date and amount with the note ultimately attacked by this petition.

Upon consideration of the whole case I am of opinion that defendant has failed to show equitable ground for taking off the satisfaction or opening these judgments. The rule is therefore discharged; exception.

Thereupon, the defendant took these appeals, assigning as error in each, the order of the court discharging the rule to open, etc.

*Mr. W. R. Bole* (with him *Mr. J. W. Smith* and *Mr. Pearson Church*), for the appellant:

The cases cited by the court below, Bly v. Bank, 79 Pa. 453, and Bank v. Hottenstein, 89 Pa. 328, are not in point. They are cases where a new party becomes the obligor. Here the appellant was the only debtor in one judgment sought to be opened, and he was the principal debtor in the other and the only responsible one. We submit that the principles which guide the courts in granting relief against usury are correctly stated in Campbell v. Sloan, 62 Pa. 481, as follows: " Any security given in payment or discharge of an usurious security is equally void with that. The original taint attaches to all the consecutive securities, etc., growing out of the·original transaction, and none of them however remote, can be free from it if the descent be traced. A bona fide. payment of an usurious debt with money or other things extinguishes it, and a subsequent loan would be valid; but the jury must be satisfied that it was not a contrivance to evade the statute. Such payment cannot be by another obligation of the same borrower to the same lender, although by the engagement of a new surety, except only where an innocent third person intervenes."

*Mr. Geo. F. Davenport* and *Mr. A. J. Harper*, for the appellee, were not heard.

Their brief cited: Federal Ins. Co. v. Robinson, 82 Pa. 357; Hopkins v. West, 83 Pa. 109; Montague v. McDowell, 99 Pa. 265.

OPINION, MR. CHIEF JUSTICE PAXSON:

This was an appeal from the order of the court below refusing to open two judgments, in each of which the appellant was defendant. The judgments had been satisfied of record by the plaintiff therein. The appellant alleges that the satisfaction was entered for the purpose of depriving him of the defence of usury; that he had given the plaintiff a new obligation for the money; that the transaction was usurious in its origin, and that a portion of the usury was contained in the satisfied judgments. The defendant moved the court below to strike off the entry of satisfaction and open the judgments, in order that he might set up the defence of usury. The rule granted for this purpose was discharged by the court below.

In Montague v. McDowell, 99 Pa. 265, it was held that where judgment is entered upon a judgment note, including usurious interest, and some time afterwards a new judgment note is given in settlement of the former judgment, which is thereupon marked satisfied, the defendant cannot, upon the judgment upon the new note being opened, set up as a defence pro tanto, the usurious interest included in the former judgment. In delivering the opinion of the court in that case, an intimation was given by our late brother SHARSWOOD, that if the satisfying of the old and the giving of the new judgment had been simultaneous, or nearly so, the court might have considered it a mere device fraudulently to conclude the debtor, and on that ground have struck off the satisfaction and opened both judgments. These applications to the court below were probably the result of the intimation above referred to.

We are not called upon now to affirm or disaffirm the dictum of Justice SHARSWOOD. The learned judge below decided these cases upon other grounds. This appears from the following extract from his opinion: " In this case, the evidence shows that the defendant has only an indefinite and imperfect understanding of the transaction resulting in the satisfaction

of these judgments, while the testimony on the other side is clear and distinct that they were satisfied at the request and for the accommodation of the defendant. The conclusion is, therefore, inevitable that they were not satisfied through accident or mistake, or in furtherance of a design to bar usury." This ruling is abundantly sustained by the evidence. Hence, it is unnecessary to refer to Campbell v. Sloan, 62 Pa. 481, and that line of cases, which treat of devices to evade the usury laws. The court below has disposed of these cases upon their merits, and we are not prepared to say its discretion was not properly exercised.

The decree is affirmed in each case, and the appeal dismissed at the costs of the appellant.