G. W. Huntley, Appellant, *v.* Frank H. Goodyear and Charles W. Goodyear, doing business as F. H. & C. W. Goodyear.

*Contract—Corporation—Rescission—Agency.*

A director of a corporation, acting for the stockholders for whom he is trustee, cannot of his mere motion destroy their rights to property, and then purchase it himself with the object of reselling to his cestui que trust at a profit.

A director of a corporation with full authority from his company purchased a lot of logs by a contract in writing, in which he appeared as acting as agent of the company. The minutes of the corporation showed that he subsequently reported the purchase to the directors, and that he was directed by them to place the company's marks upon the logs, which was done. The logs were delivered, and the company spent a large amount of money for driving them. Afterwards the company assigned to the director its interest in all of the logs, except those actually delivered. Before this assignment the director had made two other agreements in amplification of the provisions of the original contract, and he claimed that these supplemental contracts amounted to a rescission of the original contract of the corporation. Two of the sellers of the logs, however, testified that there was no intention to rescind. *Held*, that the evidence was sufficient to establish the fact that the title to the logs delivered had vested in the corporation, and that the director had no right to deal with them as his own.

*Evidence—Witness—Deceased party—Act of June* 11, 1891.

While a party who has contracted with a partnership cannot testify to the declarations of a deceased partner, his testimony will be admitted to rebut evidence given by a surviving partner.

Argued May 3, 1897. Appeal, No. 515, Jan. T., 1896, by plaintiff, from judgment of C. P. Potter Co., March T., 1891, No. 51, on report of referee. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and DEAN, JJ. Reversed.

Trespass for alleged wrongful appropriation of logs.

Trial by referee.

The facts appear by the opinion of the Supreme Court, and by the report of Dent v. Huntley, ante, p. 607.

*Error assigned* was in entering judgment for defendant.

*G. A. Jenks* and *G. W. Huntley, Jr.,* with them *C. L. Peck* and *L. B. Seibert,* for appellant.—Dent's own interest being in opposition to the interest of the company, his testimony in his own behalf should be looked upon with suspicion, and such evidence is not sufficient, without corroboration, to overthrow the preponderance of evidence produced by written instruments and the testimony of credible witnesses : Simons v. Vulcan Oil Co., 61 Pa. 221 ; Thomas & Sons v. Loose, Seaman & Co., 114 Pa. 35 ; Cunningham v. Smith, 70 Pa. 459 ; Fisk v. Sarber, 6 W. & S. 21 ; Aultman's App., 98 Pa. 517 ; Rice's App., 79 Pa. 204 ; 1 Beach on Private Corporations, 398 ; Com. v. Moltz, 10 Pa. 527.

Dent was not a competent witness : Sutherland v. Ross, 140 Pa. 385 ; Karns v. Tanner, 66 Pa. 297 ; Parry v. Parry, 130 Pa. 94 ; Mell v. Barner, 135 Pa. 159 ; Griggs v. Vermilya, 151 Pa. 430 ; Krumrine v. Grenoble, 165 Pa. 107.

*John Ormerod* and *H. C. Dornan,* with them *J. Newton Peck* and *Larrabee & Lewis,* for appellee.

OPINION BY MR. JUSTICE DEAN, October 11, 1897 :

This is an action of trespass against defendants to recover damages for the alleged wrongful appropriation of a large lot of hemlock logs put in the South Fork of Sinnemahoning creek, in Potter county. The logs were identified in the trial by names of Cobb logs and Barclay logs. They are part of the same lot that formed the subject of contention in the case of William Dent v. G. W. Huntley, in which judgment has been this day entered. In opinion filed in this last case, a full statement of the facts leading to the controversy is given. The defendants here rely on practically the same evidence to defeat plaintiff's claim as William Dent relied on there to establish a right to recover; and Huntley relies on the same evidence to recover here that he defended on there. It is stated as a fact

in appellant's paper-book, and not denied by appellee, that, although the Goodyears are nominally of record as defendants in this case, William Dent appeared and defended for them; so that there is not, in either evidence or real parties, any substantial variance in the two suits. The Goodyears claim title through Dent; the plaintiff, by purchase from the Consolidated Lumber Company. The plaintiff avers that the logs in dispute were purchased by Dent, acting as agent for the lumber company, and that, under this contract, they were delivered to him as agent of the company; the defendants allege they were purchased by Dent and Schwarzenbach, delivered to them, and that they afterwards contracted to sell them to the company, but never delivered them. The referee finds as a fact that Dent was not a purchasing agent for the company; on the contrary, that he and Schwarzenbach purchased for themselves, and that, there never having been a delivery to the company, the plaintiff took no title from the company's assignee.

As noticed by us in opinion in Dent v. Huntley before mentioned, we think this finding is in the face of the most significant and weighty testimony. Notice the undisputed facts. Dent, on May 29, 1888, was a director and stockholder of the company; on that day, by a plain written agreement, he purchased these logs expressly for the company; he admits the genuineness of this writing. From the minutes of the company duly proved, dated April 16, 1889, a report of the investment or purchasing committee was called for; William Dent reported that, among other timber, he had purchased five million feet on Sinnemahoning creek. On October 8, 1889, the company delivered directly to Cobb Brothers its note for $1,000, as part payment on these Sinnemahoning logs. The company's marks were put on them, and they were scaled by the company's scaler; the company then paid a large amount of money for driving them. On December 19, 1888, a letter was written by the company to Dent, recognizing him as its purchasing agent, and giving him directions as to marking logs.

In answer to this letter, on December 22, Dent writes: "As I understand my position with the company, they authorized me to buy logs for them, and are consequently bound by my contracts." Then further, at the request of Dent, on November 21, 1889, in writing, the company assigned to him all its interest in

contracts for timber and logs, but not logs already delivered. The logs in dispute had already been delivered and, of course, were not included, and the company had no interest to assign, except that vested in it by the contract of May 29, 1888. This was a distinct recognition of their right of property under that contract. Could there be a more clearly proved case of agency than this? The evidence is not vague, but is positive and specific; it rests, not in parol, but in writings between the parties, made at intervals during the existence of the agency. A careful examination of the whole of this testimony shows no act of the company inconsistent with this agency, and that all its acts are confirmatory of it. Nor is there any act of Dent really inconsistent with such agency until after the insolvency of the company. On June 8, ten days after the purchase of the company, on May 29, 1888, Dent and Schwarzenbach entered into two contracts with the Cobb Brothers for the purchase of the same logs; but, as stated in the case of Dent v. Huntley, these agreements, of themselves, are not destructive of the first agreement, but only an amplification of its provisions; they provided for the purchase and delivery of the same timber, with more specific stipulations of sizes and times of delivery. And unless Dent, the agent of the company, who joined in the first agreement, undertook to set up the second in hostility to the company, the title of the company and the liability of Cobb Brothers were unaffected by them. Two of the Cobb Brothers positively testify that it was not the intention of either party to abrogate the first, by the second agreements. Dent now testifies that it was his intention to cancel the company's agreement by these second ones. He does not pretend that the company gave him any authority to do so. He is asked: " Who did you make your last contract for? A. For myself, and Mr. Schwarzenbach. Q. Did the Consolidated Lumber Company have anything to do with that contract? A. No, sir, they never knew of it. Nothing was ever said to them about it—not to my knowledge." From whence came the authority to thus cancel the company's written contracts? Assume that Dent was not expressly authorized to act as purchasing agent for the company; he was a director of it; he did act as agent, and purchased in writing this timber, having at the time in his pocket $2,000 of the company's money which, either then or afterwards, it is not clear which, he applied in payment of the hand money. The moment the

contract was executed for the company its property rights vested, and could not be divested without express authority. It is not necessary to cite authorities to show that a director acting for the stockholders for whom he is trustee cannot, of his mere motion, destroy their rights to property, then purchase himself, with the object of reselling to his cestuis que trust at a profit. Certainly the burden is on him when he avers such a transaction to show by clear proof, not only authority, but extreme good faith. There is not a spark of evidence of such authority; none is alleged. The only explanation by Dent of the admission of agency in the letter of December 22, 1888, is that when he wrote it he was in a " roaring temper."

As to the Barclay logs, the evidence is almost uncontradicted, not only that they were purchased for the company, but paid for by the company's money.

As to the eighth assignment of error, it raises a question as to the competency of Dent as a witness to conversations with L. H. Cobb, deceased, one of the partners of Cobb Brothers. The witness was not competent to testify to declarations of the deceased partner, who was a party to the contract. But, although to a slight extent his testimony was inadmissible, he was not called to testify to declarations of the deceased, but to rebut the testimony of. D. H. Cobb, one of the surviving partners ; and to this his testimony almost wholly related. To this extent the witness was competent under the enabling Act of June 11, 1891, P. L. 287. That in some of his answers, not responsive to the question, he went beyond the statutory limit, is no error of the court, which, we doubt not, disregarded that which was incompetent.

We are of opinion that William Dent, in the purchase of both the Cobb and Barclay logs, was the agent of the Consolidated Lumber Company, through whom plaintiff claims ; that the delivery of these logs to William Dent, and to Dent and Schwarzenbach, was a delivery to said company, and that plaintiff had a clear title and right to possession of those in dispute in this issue.

The judgment of the court below is therefore reversed, and it is directed that the record be remitted to the court below, that an account may be taken, and plaintiff's damages be assessed according to law by the referee. Costs of this appeal to be paid by appellee.