## City of Philadelphia *v.* William Simon, Owner, etc., and Edward Kessler, Reg. Owner, Appellants.

*Satisfaction of judgment by mistake—Final and interlocutory decrees—Appeal.*

The court will strike off an entry of satisfaction on a judgment on a tax lien when it appears that such entry was made by mistake or fraud, and the decree entered in such a case belongs to that class in which it is held that the decree appealed from is not such a final one as allows a certiorari.

Argued Oct. 10, 1899. Appeal, No. 106, Oct. T., 1899, by William Simon, from order of C. P. No. 3, Phila. Co., Sept. T., 1897, No. 261, M. L. D., making absolute rule to strike off entry of satisfaction of a lien. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion by BEEBER, J.

Rule to show cause why satisfaction of record should not be stricken off. Before the court in banc.

It appears from the record that a municipal lien claim for taxes for the year 1896 was assessed against defendants' premises situate on the northeast side of Allegheny avenue, at the northerly corner of Tulip street, and that, by order of plaintiff's attorney filed, this claim was marked satisfied September 14, 1898. Subsequently plaintiff filed a petition asking for a rule to show cause why said satisfaction of record should not be stricken off. and from said petition it appears that the estate of John Simon, deceased, was the owner of another lot of ground situate on the northeast side of Allegheny avenue, in the city of Philadelphia, containing 255 feet in front and being 735 feet deep, adjoining the above described lot belonging to William Simon. Against these premises, on September 29, 1897, the city of Philadelphia also filed a lien for taxes of the year 1896, in the sum of $196.98.

On September 9, 1898, the Commonwealth Title Insurance and Trust Company, acting for the estate of John Simon, deceased, and intending to satisfy the lien which had been filed against the premises belonging to said estate, paid to the city of Philadelphia the sum of $180.38. But, it is alleged, through

mistake of an employee of said Commonwealth Title Insurance and Trust Company, the bill for taxes of 1896 against the property of said William Simon, appellant, for which the lien in this case had been filed, was paid instead. A bill for taxes in the name of said William Simon was receipted by the receiver of taxes of the city of Philadelphia and given to said trust company, and satisfaction was duly entered upon the record of the lien filed in this case.

The error alleged was not discovered until some time after, when the said trust company, being desirous of having the money so paid to the city applied in payment of the taxes against the property of the estate of John Simon, the city of Philadelphia presented its petition in the court below, praying the court to grant a rule upon the defendant to show cause why the entry of satisfaction of the record of said lien should not be stricken off, and on May 3, 1899, the court below made said rule absolute. The defendant duly excepted to said ruling, and now, on appeal, asks to have the same reversed.

*Errors assigned* were (1) in not discharging plaintiff's rule to show cause why the entry of satisfaction, of September 14, 1898, of the lien filed in this case should not be stricken off. (2) In making absolute plaintiff's rule to show cause why the entry of satisfaction, of September 14, 1898, of the lien filed in this case should not be stricken off.

*Vivian Frank Gable*, for appellant.—Two questions are involved in the consideration of the case at bar. 1. The city of Philadelphia, having been paid its claim in full, and having entered satisfaction of record, was not the claim thereby extinguished and beyond the power of the court to revive? 2. Has the city of Philadelphia any standing to invoke the aid of the court, not for its own benefit, but in aid of one who is a stranger to the record? That the taxes were paid by another than the owner, even by mistake of such third person, can make no difference. Such payment, no matter by whom made, inured to the benefit of the owner: Delaney v. Gault, 30 Pa. 63.

It inured to the benefit of the owner: Orr v. Cunningham, 4 W. & S. 294; Laird v. Hiester, 24 Pa. 453.

No rule of law is better settled than that this cannot be done.

This principle found apt expression by Romilly, M. R., in Attorney General v. United Kingdom Electric Tel. Co., 30 Beav. 287, in the following language: "Nothing is more clear than this (I am keeping distinct the questions of injury to private property and the injury to the public), that one man cannot come into court and complain of an injury affecting the property of another person:" Baxter v. Baxter, 43 N. J. Eq. 82; Chandler v. Railroad Commissioners, 141 Mass. 208.

In our own state this principle has been commonly recognized, and a party, in order to maintain an action, must have a live or real interest in the subject-matter: Mellon's Appeal, 32 Pa. 121.

*James Alcorn*, assistant city solicitor, with him *John L. Kinsey*, city solicitor, for appellee.—The appellee moves to quash the appeal filed in this case, for the reason that the order of the learned court below making absolute the rule to strike off the entry of satisfaction is not such a definitive or final order or decree as can be the subject of an appeal.

If we are to treat this record as before us upon a writ of certiorari, the only inquiry is whether the proceedings shown by it are regular, and in accordance with the law.

The affidavit filed is not part of the record: Bain & Kern v. Funk, 61 Pa. 185.

All that the record exhibits is the rule and the order of the court discharging it. To like effect are the decisions of the Supreme Court in McKinney v. Fritz, 2 W. N. C. 173, and in Holland v. White, 120 Pa. 228.

Neither the entry of satisfaction nor the actual payment of money necessarily extinguishes a judgment or claim.

Actual payment discharges a judgment at law, but in equity it may still subsist if the justice of the case requires it: Milligan's Appeal, 104 Pa. 503.

The city of Philadelphia is the only party who, as the record stands, could apply for the relief asked, and it is immaterial that it is for the benefit of the Commonwealth Title Insurance and Trust Company as alleged.

The company being not a party to the record could not have made the application: Rand v. King, 134 Pa. 641.

The company having paid the amount of the claim is entitled to be subrogated to the rights of the city of Philadelphia.

Where one pays a claim against a third party without intending it for the benefit of such party, he is subrogated to the rights of the original claimant: Fleming v. Beaver, 2 Rawle, 128; Morris v. Oakford, 9 Pa. 498; McCormick v. Irwin, 35 Pa. 111.

An equitable right to a judgment or claim may exist without a formal assignment of it: Milligan's Appeal; 104 Pa. 503.

OPINION BY BEEBER, J., December 16, 1899:

The facts stated in the petition upon which the rule was granted to show cause why the entry of satisfaction on the judgment should not be stricken off must be taken as true since they were not denied by any answer of the defendant. These facts show that the city was induced by a mistake of the party paying to enter satisfaction upon the wrong judgment, or upon a judgment not intended to be paid. This payment was not made by the defendant, but by an agent of the owner of a lot adjoining that of the defendant. We have no doubt of the power of the court, upon notice, to strike off the entry of satisfaction of a judgment if it appears that such entry was made by mistake or fraud: Murphy v. Flood, 2 Grant, 411; McKinney v. Fritz, 2 W. N. C. 173. There is nothing in Delaney v. Gault, 30 Pa. 63, that denies this right. All that was decided in that case, so far as it has any bearing upon the question now before us, is that the city cannot, whilst it has in its possession the money received in payment of a muncipal lien, issue a scire facias upon it and convey a good title to a purchaser at the sheriff's sale. It is no authority at all on the question whether the city can strike off its entry of satisfaction on one lien by showing that the money which was received for that satisfaction was paid to secure the satisfaction of another lien, and that the satisfaction on the wrong lien was made by a mistake caused by the party paying. Of course we are not now considering the question of the effect of this correction upon the rights of subsequent judgment creditors, mortgagees or other persons who have secured bona fide an interest in the lot, the lien upon which was mistakenly satisfied. Such persons are not now before us and it will be time enough to consider that question when it appears that there are such persons.

In answer to the motion to quash we would say that we are satisfied that this case belongs to that class in which it is held

that the decree appealed from is not such a final one as allows a certiorari. It is similar to an order striking off the satisfaction of a judgment which, it has been held, has only the effect of changing the burden of proof: Rand v. King, 134 Pa. 641. The question of payment and the consequent right to have the lien satisfied, as well as all other defenses to the lien, can be tried in the issue upon the scire facias which defendant can compel to be issued at any time. All these defenses should be tried at the same time and a final judgment obtained from which an appeal will settle all questions involved. The cases establishing this rule are so familiar that they need not be cited. However, the recent case of Whitesell v. Peck, 165 Pa. 571, would seem to be a departure from this rule. We do not think it was intended to be so, for the question whether the order appealed from was a final one does not seem to have been raised in the argument or considered in the opinion, so far as the report of the case reveals. We mention this now only because we are unwilling that this present case should become a precedent for appeals in similar cases.

Judgment affirmed.