## Shoup *v*. Shoup, Appellant.

*Appeals—Striking off satisfaction of judgment.*

An appeal from an order of court striking off a satisfaction of a judgment, is in legal effect nothing more than a common-law writ of certiorari, and is to be disposed of as such.

A motion to strike off the entry of satisfaction of a judgment is addressed to the discretion of the court below, and the exercise of that discretion is not the subject of review.

Argued Nov. 6, 1902.   Appeal, No. 165, Oct. T., 1902, by defendant, from order of C. P. No. 3, Allegheny Co., Aug. T., 1900, No. 370, striking off satisfaction of judgment in case of Mrs. L. E. Shoup v. L. E. Shoup.   Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ.   Affirmed.

Rule to strike off satisfaction of judgment.

*Error assigned* was the order of the court.

*J. S. Ferguson*, with him *J. D. Hern*, for appellant.

*Morton Hunter,* with him *W. A. Hudson* and *Joseph Howley,* for appellee.

OPINION BY MR. JUSTICE POTTER, January 5, 1903 :

The appeal in this case is from an order of court striking off the satisfaction of a judgment. In legal effect, therefore, it amounts to nothing more than a common-law writ of certiorari : Rand v. King, 134 Pa. 641. It is therefore to be disposed of as such.

The record shows the entry of a judgment D. S. B. for $18,000, upon a single bill filed, dated November 13, 1899, payable one year after date. Upon February 11, 1901, the judgment was marked satisfied in full by the plaintiff. Upon July 19, 1902, the court granted a rule to show cause why the entry of satisfaction of the judgment should not be stricken off, and the lien of the judgment be restored. Upon September 2, 1902, after argument, this rule was made absolute. The judgment therefore stands now just as it did before the entry of satisfaction was made. Both plaintiff and defendant are in precisely the same position as then. If the judgment has been paid in whole or in part, or if the defendant has any other good defense, either in law or in equity, he is at liberty to apply to the court for an opportunity to present it. If the plaintiff was induced to enter satisfaction of the judgment upon the record by fraud, or by mistake, the court undoubtedly had the right upon proof of the facts, on notice to the parties, to strike off such improper entry.

The motion to strike off the entry of satisfaction was addressed to the discretion of the court below, and the exercise of that discretion is not the subject of review : Murphy v. Flood, 2 Grant, 411 ; McKinney v. Fritz, 2 W. N. C. 173.

As the facts are not before us, and the record shows no apparent error, the proceedings of the court below are affirmed.