Epstein, Exr., Appellant, *v.* Kramer.

Argued October 11, 1950. Before DREW, C. J., STERN, STEARNE, JONES, LADNER and CHIDSEY, JJ.

*A. S. Fingold,* with him *Reuben Fingold* and *Fingold & Fingold,* for appellant.

*Alexander Cooper,* with him *Leonard Boreman,* for appellee.

OPINION BY MR. CHIEF JUSTICE DREW, November 13, 1950:

Plaintiff, Arnold Epstein, executor of the estate of Emmanuel Epstein, obtained a rule upon defendant, A.

C. Kramer, in the court of Common Pleas of Allegheny County, to show cause why a satisfaction of judgment should not be set aside. Defendant's Answer raised preliminary objections to plaintiff's petition and, from a judgment entered on the pleadings in defendant's favor, plaintiff has brought this appeal.

Defendant, on May 25, 1942, gave Emmanuel Epstein (hereinafter referred to as Epstein) a judgment note in the sum of $10,000 payable in 30 days as security for a loan in that amount made by Epstein to defendant. Epstein subsequently, on October 20, 1942, entered judgment by default on the note. Defendant thereupon requested Epstein to mark the judgment satisfied on the books of the prothonotary, pointing out the harmful effect the entry of that judgment was having on defendant's business, and promising in return to pay the debt after the judgment was marked satisfied. Epstein agreed, and on October 26, 1942, had the judgment so marked. However, defendant failed to pay and nothing more was done by either party until after the death of Epstein in January, 1946, when plaintiff, as executor of his estate, filed a bill in equity petitioning that the satisfaction of judgment be stricken from the record and that defendant be ordered to pay the $10,-000 he allegedly owes. The bill was certified to the law side of the court to be considered as a petition for a rule to show cause why the satisfaction of judgment should not be stricken from the record. The petition of plaintiff alleged that the satisfaction had been entered as a result of "fraud, misrepresentation and trick" and "without consideration". Defendant filed an answer containing preliminary objections, which were sustained by the learned court below, setting forth that the averments of fraud and failure of consideration were insufficient as a matter of law. Plaintiff was allowed to amend but, upon defendant again raising preliminary objections to plaintiff's petition on the

same grounds as in his first answer, the court below entered judgment for defendant on the pleadings.

On this appeal plaintiff does not question the holding of the court below that the allegations of fraud were insufficient. He contends only that the court below erred in ruling that the failure of defendant to keep his promise to pay was not a sufficient ground for striking the satisfaction of judgment. We cannot agree with this contention. A petition for a rule to show cause why a satisfaction of judgment should not be stricken from the record is equitable in nature and governed by equitable principles: *City Deposit Bk. and Tr. Co. v. Zoppa,* 336 Pa. 379, 9 A. 2d 361. The court may, therefore, upon proof of the facts and notice to the parties, strike off such an entry if plaintiff can establish that he was induced to enter the satisfaction of judgment upon the record by fraud, or mistake: *Shoup v. Shoup,* 205 Pa. '22, 54 A. 476. However, where plaintiff alleges nothing more than breach of contract by failure on the part of defendant to pay as promised, as in the instant case, his appropriate remedy is an action in assumpsit: See *Winters v. Wolfskill,* 126 Pa. Superior Ct. 168, 190 A. 395. The court below therefore properly discharged the rule on the pleadings.

Judgment affirmed.