## Globe Consumer Discount Company v. City Wide Paint Stores, Inc.

*Phillip Shuchman*, for plaintiff.
*Abe Lapowsky*, for defendant.

GOLD, P. J., October 25, 1966. — This proceeding arises from this court's order, discharging defendant's, City Wide Paint Stores, Inc., rule to open judgment.

Plaintiff, Globe Consumer Discount Company, is a Pennsylvania corporation in the business of making loans to individuals. During the last five years plaintiff has made numerous loans for use by defendant in its business affairs. In 1963, defendant, unable to make the installment payments on these loans, requested that plaintiff refinance the loans.

After extended negotiations between counsel for plaintiff and defendant, an agreement was entered into, in January of 1964. Included as part and parcel thereof was a supplemental letter dated January 29, 1964. Pursuant to this agreement, plaintiff and defendant executed a judgment note in the amount of $48,000, and a security agreement for the same amount, along with financing statements.

Defendant proceeded to make installment payments, as provided for in the agreement. However, no payment was made after March 9, 1964. Judgment was then entered against defendant on March 30, 1964. An assessment of damages was obtained on September 1, 1964, and execution issued thereon on December 4, 1964.

A subsequent agreement was entered into between plaintiff and defendant on December 4, 1964, which provided for a cash settlement of $25,000, to be paid in full by January 18, 1965, failure of which would result in all sums paid on account to be credited to the agreed indebtedness of $53,820, less the $1,200 paid on account. If the payment of $25,000 was made by January 18, 1965, all sums paid on account from December 4, 1964, would be credited against the cash settlement. The agreement also contained a recital of the correctness of the assessment of damages in the form of a declaration of no offset. Defendant made the $1,500 payment called for in the agreement, and four

payments of $1,000. However, on January 18, 1965, defendant did not make the cash settlement.

It is this court's opinion that defendant's petition to open judgment should be dismissed. The new agreement of December 4, 1964, containing a declaration of no offset, bars defendant's collateral attack on former loans, though they may have been usurious: Montague v. McDowell, 99 Pa. 265 (1881); Read's Appeal, 126 Pa. 415 (1889). In both of these cases, the court held that defendant could not set up pro tanto the usurious interest of the first judgment where a new judgment note was given in settlement of the former judgment.

By the very terms of the written agreement of December 4, 1964, the parties agreed that the indebtedness in the amount of $53,820 was true and correct, and that there were no offsets, counterclaims or other defenses available in mitigation of the sum. Such a declaration of no offset estops defendant from asserting defenses existing prior to entering the agreement: Humphrey v. Tozier, 154 Pa. 410 (1893). By agreeing to pay a cash settlement of $25,000 on or before January 18, 1965, defendant is estopped from now asserting the defense of usury. See also Griffiths v. Sears, 112 Pa. 523 (1886). Defendant cannot show he was misled or prejudiced by the agreement, since the agreement was drawn by his own attorney. See Brown v. Pittsburgh, 409 Pa. 357 (1962). The agreement is clear on its face and should be construed to make effective the provisions of the parties: Pennsylvania Railroad Co. v. Pennsylvania-Ohio Electric Co. 296 Pa. 40 (1929).

Accordingly, defendant's rule to open judgment is hereby discharged.