412 A.2d 608

Gilda G. NEUSTEIN

v.

INSURANCE PLACEMENT FACILITY OF
PENNSYLVANIA, Appellant.

David N. NEUSTEIN

v.

INSURANCE PLACEMENT FACILITY OF PENNSYLVANIA
and Penn State Mutual Insurance Company.

Appeal of INSURANCE PLACEMENT FACILITY
OF PENNSYLVANIA.

Bernard WANETICK t/a B & W Import & Sales Company

v.

INSURANCE PLACEMENT FACILITY OF
PENNSYLVANIA, Appellant.

Superior Court of Pennsylvania.

Argued April 10, 1979.

Filed Oct. 17, 1979.

128

Richard F. Andracki, Pittsburgh, for appellant Ins. Placement Facility of Pennsylvania.

Daniel M. Berger, Pittsburgh, for appellees Neustein and Wanetick t/a B & W Import & Sales Co.

Before CERCONE, P. J., and WIEAND and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in denying its petition for a rule to show cause why satisfaction should not be set aside and judgment opened. We disagree and, accordingly, affirm the order of the lower court.

This case, involving three appeals from the Court of Common Pleas of Allegheny County, arises from a fire loss to premises in which the three appellees had an interest. Appellant had issued a fire insurance policy on the premises, and appellees brought separate suits to recover the insurance proceeds. Appellant defended on the basis that the fire loss was the result of arson in which the appellees had participated and concealed from appellant. Following a jury verdict in favor of appellees, the common pleas court denied appellant's post-trial motions, and, on appeal, our Court affirmed per curiam without opinion. 238 Pa.Super. 728, 356 A.2d 820 (1976). Appellant then paid the judg-

ments, and appellees had the judgments satisfied of record on January 27, 1976.

Appellant states that on March 2, 1976, a federal grand jury indicted appellee David N. Neustein for mail fraud, alleging that the fire was set intentionally for the purpose of fraudulently obtaining insurance proceeds from appellant through the use of the mails. A jury found Neustein guilty on all counts of the indictment. His conviction was upheld by the United States Court of Appeals for the Third Circuit. 562 F.2d 43 (1977). On March 27, 1978, the United States Supreme Court denied certiorari. 434 U.S. 1062, 98 S.Ct. 1234, 55 L.Ed.2d 762 (1978). Thereafter, appellant filed a petition for a rule to show cause why satisfaction should not be set aside and judgment opened. On August 4, 1978, the lower court denied the petition, and this appeal followed.[1]

■ The satisfaction of a judgment ordinarily extinguishes it. See 7 Standard Pennsylvania Practice 787, and cases cited therein. "In a proper case, however, the entry of satisfaction of a judgment may be canceled, struck off, or vacated by a party to the record or his personal representative or successor in interest." Id. at 823 (footnote omitted). A court may properly strike the entry of satisfaction of judgment where the satisfaction is obtained by fraud or mistake. See, e. g., Epstein v. Kramer, 365 Pa. 589, 76 A.2d 212 (1950); Shoup v. Shoup, 205 Pa. 22, 54 A. 476 (1903); Appeal of Read, 126 Pa. 415, 17 A. 621 (1889). See generally 7 Standard Pennsylvania Practice 824.

■ In the instant case, appellant contends that the lower court should have granted its petition because appellee David N. Neustein committed fraud in subverting the judicial process; appellant acted with due diligence in defending its interests; appellant could not fully defend itself from the judgment due to deceit by Neustein which prevented a fair submission of the controversy to the jury; and the after-dis-

1. Appellant states in his brief that on June 14, 1978, it filed a complaint in the Court of Common Pleas of Allegheny County against appellees David N. Neustein and Gilda G. Neustein, seeking damages and restitution based on the facts of the instant case.

covered evidence (upon which Neustein's federal conviction was based) would likely result in a verdict for appellant. There does not appear to be any reported court decision in Pennsylvania which has permitted the entry of satisfaction of judgment to be stricken on the basis of fraud occurring *before* judgment. If the entry of judgment could be stricken where it was properly entered, the policy of the law that there must be an end to litigation would be circumvented because a judgment would never be final. Accordingly, we hold that a court may not strike a properly entered satisfaction. Because appellant does not allege that the satisfaction of the judgments in the instant case was obtained by fraud or mistake, the satisfaction cannot be stricken, and we therefore affirm the order of the lower court.

Order affirmed.

WIEAND, J., files a concurring statement.

WIEAND, Judge, concurring statement:

Although I agree that the order of the trial court must be affirmed, I reach that conclusion by reasoning different than that adopted by the majority.

On August 4, 1978, the lower court denied appellant's petition for a rule to show cause why satisfaction should not be set aside and judgment opened. This is the order from which the present appeal has been taken. However, several months prior thereto, appellant had filed an identical petition, captioned a petition for a rule to show cause why judgment should not be opened. That petition was denied, and no appeal was taken. The order denying the petition to open was a final order because the petitioner was effectively precluded from pursuing the substantive issues alleged. *Scharfman v. Philadelphia Transportation Co.*, 234 Pa.Super. 563, 340 A.2d 539 (1975). Failure to appeal from this final order precluded appellant from seeking other redress in the court below. The prior order was res judicata. *Brown v. Kleinfelter*, 267 Pa.Super. 144, 406 A.2d 560 (1979).

.

Therefore, I concur in the result achieved by the majority and find it unnecessary to determine whether a satisfaction may be set aside for fraud occurring prior to entry of a judgment.