J-A16044-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| R & K ENTERPRISES, INC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RUSSELL L. WILLIAMS, AND 1618 | : | No. 2156 EDA 2024 |
| WEST TORONTO, LLC | : | |

Appeal from the Order Entered July 31, 2024
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 230600714

BEFORE: LAZARUS, P.J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED FEBRUARY 26, 2026**

Appellant, R & K Enterprises, Inc., appeals from the order entered in the Philadelphia County Court of Common Pleas, which marked as satisfied the mortgage entered into by Appellee, Russell L. Williams. We vacate and remand for further proceedings consistent with this memorandum.

The trial court set forth the relevant facts and procedural history of this matter as follows:

> On August 4, 2000, [Appellee] Williams entered into a mortgage agreement with Lincoln Mortgage Company for a loan of $23,900. On the same day, Lincoln Mortgage Company assigned the mortgage to [Appellant, R & K Enterprises, Inc.] Also on the same day, Appellant assigned the mortgage to First National Acceptance Company of North America ("First National"). According to Appellant, the assignment between R & K and First National was a collateral assignment to secure a separate line of credit. On August 11, 2000, the mortgage agreement between [Appellee] Williams and Lincoln Mortgage Company, the

Assignment of Mortgage between Lincoln Mortgage Company and Appellant R & K Enterprises, and the Assignment of Mortgage between Appellant and First National were all recorded in the Office of the Recorder of Deeds of Philadelphia County.

Twenty years later, [Appellee 1618 West Toronto LLC] entered into an agreement to purchase the property subject to the mortgage described above in January 2021. As part of the purchasing process, Appellee [1618 West Toronto LLC] hired Quick Abstract to do a title search and obtain title insurance. According to Appellee [1618 West Toronto LLC], Quick Abstract contacted First National as the active assignee of the mortgage agreement to determine what the payoff amount would be. At that time, First National informed Appellee [1618 West Toronto LLC] that the mortgage had been satisfied. Appellant argues that this statement was in error. According to Appellant R & K [Enterprises], Appellant had satisfied its line of credit that the assignment of the mortgage agreement was securing in September 2000. The underlying mortgage agreement, under which [Appellee] Williams was obligated to pay, was not satisfied. Unaware of the mistake and believing that the mortgage was satisfied, [Appellee 1618 West Toronto LLC] completed the purchase of the property on March 2, 2021. [Appellee 1618 West Toronto LLC] alleges that First National provided documentation that the mortgage was satisfied at this time, but no official Satisfaction of Mortgage was recorded.

Although an assignment of the underlying mortgage from First National back to Appellant R & K [Enterprises] should have taken place as soon as the line of credit was satisfied, it did not occur until April 18, 2022. The assignment of the mortgage back to Appellant [R & K Enterprises] was recorded on April 29, 2022.

On June 7, 2023, Appellant [R & K Enterprises] filed a Complaint in Mortgage Foreclosure against [Appellee Williams,] the original purchaser, and [Appellee 1618 West Toronto LLC]. In the complaint, Appellant alleged that it was the proper party to execute on the mortgage agreement, and that the mortgage was in default because monthly payments had not been made since December

2021. On January 17, 2024, a default judgment was entered in Appellant [R & K Enterprises]'s favor in the amount of $71,703.57.

In response to the proceedings, Quick Abstract, on behalf of [Appellee 1618 West Toronto LLC], contacted First National, who reaffirmed that it believed the mortgage agreement was satisfied. As a result, First National caused a Satisfaction of Mortgage to be filed of record on March 21, 2024, with an effective date of September 12, 2000. On May 9, 2024, [Appellee 1618 West Toronto LLC] filed a Motion to Mark Judgment Satisfied, arguing that the Satisfaction of Mortgage filed in March 2024 precluded Appellant [R & K Enterprises] from collecting on the same mortgage based on the principles of reliance and fairness. A hearing was held on July 31, 2024 and the [c]ourt granted the Motion and ordered the judgment against [Appellee 1618 West Toronto LLC] to be marked satisfied.

(Trial Court Opinion, 6/29/25, at 1-3) (some citations omitted).

On August 12, 2024, Appellant timely filed a notice of appeal. On August 13, 2024, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. On August 22, 2024, Appellant timely complied.

On appeal, Appellant raises the following issues for our review:

1. Whether the trial Court committed an error of law and abused its discretion in finding the Satisfaction of Mortgage executed by First National Acceptance Corporation and recorded on March 21, 2024 was effective, in contravention of the Pennsylvania Recording Statute 42 Pa.C.S. § 8141, in light of the prior recorded Assignment of Mortgage from First National of North America, LLC to Plaintiff/Appellant which was recorded on April 29, 2022, two (2) years prior to the purported Satisfaction of Mortgage recorded March 21, 2024.

2. Whether the trial Court committed an error of law and abused its discretion in finding that Plaintiff/Appellant was

equitably estopped from proceeding under its judgment, as this argument was not raised by Defendant/Respondent in its Motion to Mark Judgment Satisfied, Released and Discharged.

3. Whether the trial Court committed an error of law and abused its discretion in failing to equitably set aside the Satisfaction of Mortgage executed by First National of North America, LLC, recorded on March 21, 2024, in light of the Affidavit of Adrienne Hanson, Assistant Vice President of First National of North America, LLC stating that the Satisfaction of Mortgage was executed in error.

4. Whether the trial Court committed an error of law and abused its discretion in finding that Defendant/Respondent has no adequate remedy to redress any damages it may have suffered.

(Appellant's Brief at 5-6).

In its first issue, Appellant argues that the court erred by granting Appellee 1618 West Toronto LLC's motion to mark the judgment satisfied, because the mortgage relied upon was unauthorized, void, and of no legal effect, pursuant to the Pennsylvania Recording Statute. According to Appellant, the subject mortgage was assigned to Appellant, R & K Enterprises, via assignment of mortgage recorded on April 29, 2022 and thus could not be marked satisfied. Appellant concludes it is entitled to relief on these grounds. We agree some relief is due.

The trial court has discretion to mark a judgment and mortgage as satisfied, and an appellate court will not disturb the trial court's determination absent an abuse of discretion. *See Gallagher v. Sheridan*, 665 A.2d 485, 486 (Pa.Super 1995), *appeal denied*, 544 Pa. 631, 675 A.2d 1249 (1996). "An abuse of discretion occurs when a trial court, in reaching its conclusions,

- 4 -

overrides or misapplies the law, or exercises judgment which is manifestly unreasonable, or the result of partiality, prejudice, or ill will." ***U.S. Bank N.A. v. Mallory***, 982 A.2d 986, 994 (Pa.Super. 2009). Additionally, "[a] court may properly strike the entry of satisfaction of judgment where the satisfaction is obtained by fraud or mistake." ***Neustein v. Ins. Placement Facility of Pennsylvania***, 412 A.2d 608, 609 (Pa.Super. 1979).

Mortgage priority is governed by statute as follows:

> **§ 622. Priority according to date of recording**
>
> From and after the passage of this act, all mortgages, or defeasible deeds in the nature of mortgages, made or to be made or executed for any lands, tenements, or hereditaments within this Commonwealth, **shall have priority according to the date of recording the same**, without regard to the time of making or executing such deeds; and it shall be the duty of the recorder to endorse the time upon the mortgages or defeasible deeds, when left for record, and to number the same according to the time they are left for record, and, if two or more are left upon the same day, they shall have priority according to the time they are left at the office for record. **No mortgage, or defeasible deed in the nature of a mortgage, shall be a lien, until such mortgage or defeasible deed shall have been recorded**, or left for record, as aforesaid. Any mortgage, given by purchase to seller, for any part of the purchase money of the land so mortgaged, shall have a lien from the time of delivery of said mortgage, provided the same be recorded within thirty days from the date of the mortgage.

21 P.S. § 622 (emphasis added). ***See also*** 42 Pa.C.S.A. § 8141 (governing time from which liens have priority).

Regarding the satisfaction of mortgages, Pennsylvania law provides, in relevant part:

## § 681. Satisfaction of mortgage on margin of record or by satisfaction piece

Any mortgagee of any real or personal estates in the Commonwealth, having received full satisfaction and payment of all such sum and sums of money as are really due to him by such mortgage, shall, at the request of the mortgagor, enter satisfaction either upon the margin of the record of such mortgage recorded in the said office or by means of a satisfaction piece, which shall forever thereafter discharge, defeat and release the same; and shall likewise bar all actions brought, or to be brought thereupon.

21 P.S. § 681.

## § 712. Satisfaction piece;[1] recording; execution; effect

Every mortgagee shall, upon receipt of payment of the mortgage debt and tender of satisfaction and filing costs, at the request of the mortgagor or owner of the mortgaged premises, enter of record in the office where the mortgage is recorded a duly executed satisfaction piece to be phrased substantially as provided in the form set out in section seven of this act, and acknowledged as provided by law. The satisfaction piece when recorded shall forever thereafter discharge, defeat and release the lien and debt of the mortgage.

21 P.S. § 712.

Instantly, the trial court has requested that we vacate and remand for "further review and correction." (Trial Court Opinion at 1, 5). Specifically, the court stated:

_____

[1] Black's Law Dictionary defines "satisfaction piece" as "[a] written statement that one party (esp. a debtor) has discharged its obligation to another party, who accepts the discharge; esp., the formal acknowledgment given by a judgment creditor or a mortgagee that the debt has been paid and authorizing the entry of the satisfaction on the record." SATISFACTION PIECE, Black's Law Dictionary (12th ed. 2024).

According to the case law, the [c]ourt **may**—not must—strike the satisfaction of judgment if there was fraud or mistake. Originally, this [c]ourt relied on the discretion implied here to determine that it was unfair for Appellee, who exercised due diligence, to bear the consequences of First National's mistake.

However, there was a statutory issue that was overlooked in the prior analysis. The issue is the Pennsylvania Recording statute, which follows the principle of "first in time, first in right." The Pennsylvania Mortgage Satisfaction Act states that "the satisfaction piece when recorded shall forever thereafter discharge, defeat and release the lien and debt of the mortgage." 21 P.S. § 721-4. Courts have found that the mortgagee's compliance with this statute is required to effectuate the discharge of a mortgage obligation. ***Hoss Land Company v. Thorson***, 324 A.3d 508, 515 (Pa.Super. 2024). Therefore, even though First National stated that the mortgage was satisfied in 2021, because there was no Satisfaction of Mortgage recorded, the satisfaction was not effective.

The reassignment of the mortgage from First National back to Appellant, and the recording of it, occurred in 2022. The Satisfaction of Mortgage that Appellee relied on was not recorded, and therefore could have no effect, until 2024. However, the late-filed Satisfaction could not be effective even after it was recorded. Due to the recording statute, the assignment was effective first because it was recorded first; therefore, after the assignment, First National lost the authority to execute a Satisfaction of Mortgage. Although Appellee did all due diligence, and unfortunately relief on the mistake of First National, this [c]ourt is unable to enforce a Satisfaction of Mortgage that is ineffective under the Pennsylvania Mortgage Satisfaction Act.

(Trial Court Opinion at 4-5) (emphasis in original) (some internal citations omitted).

In light of the trial court's concession that it failed to consider the relevant statutory law, and because we review the trial court decision for an

abuse of discretion, the best resolution of the appeal is to grant the trial court's request to vacate and remand for further proceedings. Upon remand, the trial court shall reconsider its ruling in light of the relevant statutory authority and enter an amended order. Accordingly, we vacate and remand for further proceedings consistent with this memorandum.[2]

Order vacated. Case remanded for further proceedings. Jurisdiction is relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/26/2026

---

[2] Based on our disposition, we decline to reach Appellant's remaining issues.