# Saint, Appellant, *v.* Cornwall.

*Appeals—Motion for discontinuance—Objection by appellee.*

After a case has been argued in the Supreme Court, and is sub judice, a motion by the appellant for leave to discontinue will not be granted where such motion is objected to by the appellees, and will apparently be to their prejudice.

*Mortgage—Merger—Intention—Assignment.*

A mortgage does not necessarily merge or become extinct by being united in the same person with the fee. Whether there is a merger or not is a question of intention. Thus where one of two co-owners of real estate pays off a joint mortgage given by himself and the other owner, and takes an assignment of the mortgage to himself, and subsequently conveys his interest subject to the mortgage, it will be presumed that it was the intention of such person to preserve the lien of the mortgage, and not merge it with the fee.

*Mortgage—Satisfaction—Scire facias—Evidence.*

A satisfaction of a mortgage is prima facie evidence of payment, but is not conclusive. It may be shown upon the trial of a case that the satisfaction was made by mistake, or through misrepresentation, or fraud, and the mortgagee or assignee satisfying a mortgage under such circumstances would not be bound by the satisfaction.

If after a mortgage has been satisfied of record a scire facias has been issued and the terre-tenants make no defense and permit judgment to go by default, and the property is sold on the judgment, the purchasers have a right to assume that the terre-tenants knew that satisfaction had been entered by mistake, and that they could not successfully defend against the scire facias. The purchasers have, therefore, a right to the property as against the terre-tenants.

Argued Oct. 30, 1903. Appeal, No. 109, Oct. T., 1903, by plaintiff, from judgment of C. P. No. 3, Allegheny Co., Nov. T., 1901, No. 461, for defendants on case stated in suit of Mary Jane Saint, Elizabeth Hayden, Sarah A. Minnemeyer, Harriet E. Seitz, Samuel C. Reynolds, Joseph W. Reynolds and Benjamin Reynolds v. Catherine Cornwall and Andrew Doehla. Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT. and POTTER, JJ. Affirmed.

Case stated in ejectment to determine title to real estate in the tenth ward of Allegheny City.

EVANS, J., filed the following opinion :

This is an action of ejectment brought to recover the undivided one half of a certain lot situate in the tenth ward of Allegheny City, and a case stated has been submitted to the court, the material facts of which are as follows : the plaintiffs are the children and heirs of Samuel Reynolds, deceased, who at the time of his death, September 3, 1877, was seized of the undivided one half of the property described in the writ.

On July 15, 1872, Robert B. Shepherd conveyed a tract of seven acres, which includes the land described in this writ, to Theodore P. Simpson, and A. J. Pentecost, and the purchasers then gave a joint mortgage to the vendor for $7,052.08. On December 18, 1872, Simpson paid the mortgage of himself and Pentecost to Shepherd and took an assignment thereof from the mortgagee. Pentecost and Simpson each conveyed his undivided half in the said premises and finally on January 20, 1874, the entire title became vested in William Burns, who on June 28, 1875, conveyed the undivided one half interest to Samuel Reynolds, the father of the present plaintiffs. All these conveyances were made subject to the mortgage of Pentecost and Simpson to Shepherd.

On August 29, 1877, Simpson assigned upon the record one half of said mortgage to Rebecca A. Kirkwood. On February 26, 1879, Simpson and Rebecca A. Kirkwood satisfied the said mortgage on the margin of the record as follows : "We, T. P. Simpson, Assignee, and Rebecca A. Kirkwood, Assignee, do hereby acknowledge payment in full of this mortgage and the debt secured thereby. Witness our hands and seals February 26, 1879,—" and signed.

On October 30, 1880, Simpson caused a scire facias to be issued for the foreclosure of the said mortgage, making Pentecost and Simpson the defendants with notice to the executors and heirs of Samuel Reynolds as terre-tenants. In default of an appearance judgment was taken November 19, 1880, execution issued and the property sold and bought in by Simpson, and a deed made to him by the sheriff, acknowledged April 30, 1881, and recorded in sheriff's deed book, volume 4, page 264.

The defendants were purchasers from T. P. Simpson and claim title through him by virtue of the sheriff's sale above mentioned.

The first question that presents itself for our consideration is : Was there a merger of the mortgage with the fee on the payment by Simpson to Shepherd of the amount of the mortgage, and the taking of the assignment of the same by him?

Usually the merger of a lien with the fee is a matter of intention, and if it be to the interest of the person holding the fee to preserve the lien of the incumbrance in order to protect any interests which he may have, the law will not require that the lien of the incumbrance be merged in the fee. In a stated case like this, of course, it was not possible that the parties should agree in so many words as to what the intention of Simpson was, and unless his intention in the matter is a conclusion of law, the court cannot find what his intention was, from the facts agreed upon. But we are inclined to think that his intentions do necessarily follow from his acts. In Moore v. Harrisburg Bank, 8 Watts, 138, in a case very similar to this the court has said : "A mortgage does not necessarily merge or become extinct by being united in the same person with the fee, but on the contrary, when it is the intention of the parties that it should not merge but continue to subsist for the protection of the owner of the fee from subsequent incumbrances, he may keep it on foot, sue out the scire facias upon it in the name of the mortgagee against the mortgagor with notice to himself, obtain a judgment and sell the estate mortgaged."

It was just as much to the interest of Simpson to keep this mortgage alive in order that he might have security for the payment of the one half of the mortgage by Pentecost as it was in the case cited in order to protect the holder of the fee from a junior incumbrance. All his acts, in taking the assignment, in conveying his interests subject to the mortgage, indicate that it was his intention to preserve the lien of the mortgage and not to merge it with the fee. Simpson paid and took the assignment of this mortgage in 1872, sold his interest in 1874, and at that time sold it subject to the lien of this mortgage. Burn, in selling to Reynolds, sold subject to the lien of this mortgage. It was clearly the intention of all the parties connected with the transaction that the lien of that mortgage should remain.

But what was the effect of the satisfaction of this mortgage

by Simpson and Kirkwood ? A satisfaction is prima facie evidence of payment, but is not conclusive. It may be shown upon the trial of a case that the satisfaction was made by mistake, or through misrepresentation or fraud, and the mortgagee or assignee satisfying a mortgage under such circumstances would not be bound by the satisfaction.

The plaintiffs in this case were served as terre-tenants on the issuing of the scire facias on the said mortgage. They could then have defended, alleging the payment of the mortgage, if it had been paid, and if they could substantiate that fact, could have prevented judgment being taken, but they did not defend. They permitted judgment to go by default. The property was sold on that judgment and is now in the hands of innocent purchasers, and that judgment should be conclusive against these plaintiffs on the question of the payment of that mortgage. The purchasers from Simpson had a right to assume that the terre-tenants knew that satisfaction was entered by mistake, and that they could not successfully defend against the scire facias. We have a right to assume that if they had any claim that the mortgage had been paid, they would have made that claim in answer to the scire facias. The judgment on the scire facias was conclusive on the question of the payment of the mortgage against all persons served either as defendants or terre-tenants. In Irwin v. Nixon, 11 Pa. 419, the court went much further than it is necessary to go in this case in order to sustain the conclusiveness of the judgment of the scire facias on the mortgage. In that case, in 1808, a judgment was obtained against William Nixon, and in 1809 an execution was issued and returned " Money made," and paid to the plaintiff. In 1814 Nixon died. In 1815 the plaintiff in the judgment entered satisfaction on the appearance docket. In 1827 an attorney issued a scire facias to revive the original judgment against the administrators of Nixon, and an attorney assuming to appear for the administrator appeared and confessed judgment, execution was issued, levy made upon the land, and the same was sold to Samuel Kingston, the attorney for plaintiff, who sold to the defendant.

An ejectment was brought by the heirs of Nixon. But the Supreme Court sustained the judgment on the scire facias as

conclusive of the nonpayment of the original judgment. In that case the return of the sheriff was conclusive of payment, while in this the receipt on the margin of the record is only prima facie. If that judgment was conclusive against the heirs of the defendant, much more would this one be.

The case of Koons v. Hartman, 7 Watts, 20, cited by the plaintiff in his brief, is not in point. In that case Boyer became the owner of the fee on which his judgment was a lien. He sold the land unincumbered by the lien of the mortgage, and of course his general warranty satisfied the mortgage, even if there had been no merger in law. The other cases cited by the plaintiffs are as easily distinguished as this one.

And now, June 13, 1903, the above case came on to be heard on a stated case in the nature of a special verdict, and upon consideration thereof it is hereby ordered that judgment be entered in favor of the defendants.

*Error assigned* was in entering judgment for defendants on case stated.

*Archibald Blakeley*, for appellants.

*W. B. Rodgers*, with him *A. E. Weger*, *Alex. Gilfillan* and *D. M. Alston*, for appellee.

PER CURIAM, November 11, 1903 :

After this case had been argued and was sub judice in the court, the appellant moved for leave to discontinue. As this is objected to by the appellees and would apparently be to their prejudice, leave must be refused.

The judgment is affirmed on the opinion of the court below on the case stated.