St. Clement's B. & L. Assn., Appellant, *v.* McCann
et ux.

Argued November 16, 1936.

Before
KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD,
PARKER, JAMES and RHODES, JJ.

*John E. McDonough,* with him *W. C. Henry* and *Joseph E. Pappano,* for appellant.

*C. William Kraft, Jr.,* with him *R. Paul Lessy,* for appellees.

OPINION BY BALDRIGE, J., February 26, 1937:

This amended bill in equity filed by the plaintiff building and loan association prayed that the satisfaction of a mortgage, alleged to have been mistakenly entered upon the records, be expunged.

The bill contained, inter alia, the following averments: In October, 1923, the defendants borrowed from the plaintiff association the sum of $3,000 and gave as security the mortgage involved, and also assigned 15 shares of stock of the association which were taken out at the time the loan was made. On the 29th of March, 1934, the attorney-in-fact for plaintiff inadvertently and mistakenly entered satisfaction of the mortgage on the record before the stock was cancelled or payment made to retire it. The amount due on the mortgage was $1,365, with interest from April 19, 1935, at 6 per cent, and fines at 2 per cent a month. The board of directors did not authorize or direct this satisfaction; it was done on information given to the attorney-in-fact by the secretary of the association "or some other officer thereof."

Defendants filed the following preliminary objections to the bill: (1) The bill fails to state that the

alleged mistake was mutual or induced by fraud or any conduct on the part of the defendants. (2) The averment that the stock had not been matured or paid is sufficient, as payment is not a prerequisite to satisfaction. (3) The calculation of the amount due is not sufficiently specific and excessive and illegal fines were imposed. (4) The bill fails to name the officer who directed the satisfaction.

The court below sustained the objections principally for the reason that there was no proof that the mistake was mutual, and that equity will not relieve the plaintiff from the consequences of its own acts, especially where the true facts were within its knowledge. The plaintiff was given leave, however, to. file a second amended bill, and, upon the filing thereof, the entire proceedings were to be transferred to the law side of the court to determine whether anything was due on the mortgage. The plaintiff refused to amend and appealed.

The barrier of lack of mutuality may not be raised to prevent the correction of this alleged error if the rights of third persons are not involved. The record is not necessarily conclusive upon the parties as there is nothing so sacrosanct about the satisfaction of a mortgage that stops the truth from being shown. All that is incumbent upon the part of this plaintiff to attain the relief it seeks is to prove that the defendants were not entitled to have the mortgage satisfied. The rule is well recognized that equity will afford relief where an encumbrance has been discharged through a mistake. It is stated in 2 Pomeroy's Equity Jurisprudence (3d Ed.), §871, p. 1549: "Where an instrument has been surrendered or discharged or an encumbrance or charge has been satisfied through mistake, the jurisdiction may be exercised by granting such relief as will replace the party entitled in his original position, either by setting aside the formal

discharge, or by compelling a re-execution of the instrument." The rule is set forth in 41 C. J. §993, p. 822, as follows: "On the same principle, a release or satisfaction entered by accident or inadvertence, as where it is made to apply to the wrong mortgage, or by a mistake as to an essential fact, so that it is not in accordance with the real intention of the party, may be set aside and the mortgage reinstated, except as the rights of third persons may prevent." See, also, *Madson v. Ballou et al.*, (S. D.) 260 N. W. 831, and exhaustive notes under the subject, "Right to reinstatement of mortgage released or discharged by mistake :" 58 L. R. A. 788; 26 L. R. A. (NS) 816; L. R. A. 1917 E 1055; 2 Jones on Mortgages, p. 726, §1237. In *Saint v. Cornwall*, 207 Pa. 270, 56 A. 440, the court held that a satisfaction of a mortgage, while prima facie evidence of payment, is not conclusive, and that where the mortgagee, after satisfaction of the record, issues a sci. fa. and terre-tenants do not defend, the purchasers have the right to assume the terre-tenants knew that satisfaction had been entered by mistake. That case indicates that matters in controversy can be tested by scire facias proceedings upon the mortgage, notwithstanding the record may be marked satisfied.

True, in the case at bar, the exact nature of the mistake is not disclosed. We do not know whether it was due to an erroneous calculation or unwarranted assumption that the shares had matured or mere inadvertence in instructing the attorney-in-fact. The entry of a satisfaction under any of the above circumstances, however, may be explained and should not bar equitable relief to one otherwise entitled to it, provided, of course, the rights of third parties have not interfered.

In *Callahan's Appeal*, 124 Pa. 138, 16 A. 638, the facts are somewhat similiar to the case at bar. The secretary of a building and loan association informed

the directors that certain shares had matured, when, in fact, due to the secretary's peculations which he had concealed, the shares were worth only half the matured value. The board, by resolution, ordered appellant's mortgage satisfied, and upon discovery of the real facts after the insolvency of the association, the assignee, for the benefit of creditors, filed a bill in equity to strike off the satisfaction. Chief Justice PAXSON, in the course of his opinion, said (p. 144) : "There is no virtue in the satisfaction of a mortgage, except, perhaps, as to purchasers or other mortgagees without notice." The appellant attempts to distinguish that case from the one at bar, in that insolvency was present there and the mortgagor was a director and voted to satisfy his own mortgage. We think this distinction is unimportant, as equities between members of a building and loan association will not allow one to escape his share of the common obligations and burdens under a mistaken satisfaction of his mortgage.

If this mortgage has not been paid, it should not have been satisfied. An officer of a building and loan association has no right to direct a satisfaction of an unpaid mortgage and thus impose upon the other stockholders standing in the relation of partners with the favored stockholder.

The lower court relied upon, and quoted extensively from *Felin v. Futcher*, 51 Pa. Superior Ct. 233. There a builder submitted to a lumber dealer plans and specifications for a building operation. After certain revisions of the plans had again been submitted to the dealer, he furnished a bid which was accepted. Later he discovered he had inadvertently omitted to calculate several items. The plaintiff dealer furnished the material and filed a mechanic's lien for the difference. We refused to permit recovery upon the principle that a mistake will not be relieved against if it is the result of the party's own supine or inexcusable

carelessness, where he had, in his own hands, every means to avoid a mistake. That, undoubtedly, is the general rule applied to the rescission or reformation of written instruments, but it cannot be applied as an unvarying rule of law to prevent relief for a mistaken satisfaction of a mortgage. The operation of that rule is restricted to certain special kinds of agreements: See 2 Pomeroy's Equity Jurisprudence, §856, p. 1512.

Our conclusion is that the plaintiff association should not lose part of its security through a mistake prejudicial to the shareholders of the association when the rights of third persons are not affected. We find no merit in the defendants' objections that the plaintiff failed to aver definitely that the stock had not matured or the indebtedness had not been paid, nor do we think it absolutely essential that the plaintiff should have named the officer who directed the satisfaction. Furthermore, if there is not due to the association the amount alleged in its bill, as a result of the imposition of illegal fines, or if it has failed to give proper credits, those matters may be worked out on a sci. fa., as the only issue properly before us is whether the satisfaction should be stricken off.

Decree of the learned court below is reversed, and the bill is reinstated.