## Strauss, Appellant, *v.* Weinstein.

Argued December 11, 1963. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Lionel B. Gumnit,* for appellant.

*Herbert S. Levin,* for appellee.

OPINION BY FLOOD, J., March 19, 1964:

The plaintiff in August, 1960, entered judgment by confession in an amicable action for the rent due for the balance of the term of a five-year lease executed in 1956. The court made absolute a rule to·open the judgment upon the defendant's allegation of an oral novation in December, 1958, discharging him from any further liability under the lease. The plaintiff denied the allegation and the parties went to trial on this issue.

At this trial the plaintiff, after putting in part of her case, suffered a voluntary nonsuit. Later she moved to take off the nonsuit. Although such a motion is a prerequisite to a new trial when there has been a compulsory nonsuit, which is conclusive if not taken off (Pa. R. C. P. No. 231(b); Act of March 11, 1875, P. L. 6, §1, 12 PS §645), it has no function fol-

lowing a voluntary nonsuit, which determines nothing as to the merits (Pa. R. C. P. No. 231(a)). This rule provides: "After a discontinuance or voluntary nonsuit the plaintiff may commence a second action upon the same cause of action upon payment of the costs of the former action."

The plaintiff followed Pa. R. C. P. No. 231(a) literally[1] by commencing a new action. Before she did so, apparently in an attempt to satisfy the requirement of that rule that she pay "the costs of the former action" before retrying the case, her attorney requested the defendant's attorney to execute an order to satisfy the judgment upon payment of costs only. When this was done, her attorney filed this order with the prothonotary and paid the costs. The prothonotary then marked the docket: "By order of the Defendant's attorney filed, the judgment is satisfied. Paid $7.00."

After the plaintiff filed her complaint in the new action, the defendant filed preliminary objections on the ground that the action was res judicata because the plaintiff's judgment in the first action had been marked satisfied. The court below sustained these objections and dismissed the complaint.

While the order appealed from appears correct on the face of the record, closer scrutiny reveals that the satisfaction was entered in error and, even though the plaintiff herself was chiefly responsible for that error, justice requires that it be rectified.

It is quite obvious from his total conduct in the case that the plaintiff's attorney did not intend to destroy his client's cause of action by satisfying her own

---

[1] The plaintiff need not commence a new action in order to retry the issue in a case where, as here, the plaintiff retains his confessed judgment, even though it has been opened, until there is a determination adverse to his right on the trial of the issue made by the petition and answer. The preferable procedure would be to relist that issue for trial.

judgment. His purpose evidently was to satisfy of record her obligation to the defendant and the prothonotary for the costs on the abortive trial on the defendant's petition to open.

The prothonotary had no authority to satisfy the plaintiff's judgment against the defendant upon the order of the attorney for the defendant, the judgment-debtor.[2]

If a judgment for costs on the nonsuit had been entered by the defendant, the order to satisfy could have operated on that. But no such judgment was ever entered. The only judgment of record, and consequently the only judgment which could be satisfied of record, was the plaintiff's judgment.

In our opinion, the plaintiff's judgment should not have been satisfied and the record should be corrected to reflect this since (1) the order to satisfy the judgment was executed by the defendant's attorney only and (2) the plaintiff's attorney who presented the order evidently intended only to satisfy his client's liability for costs as a result of the abortive trial on the petition and answer.

We conclude that the order of satisfaction should be stricken from the record, the court below should order the record to be amended to show that the costs arising from the trial ending in the voluntary nonsuit have been paid and the issue as to the novation should be retried.

The plaintiff's faulty procedure has resulted in a situation under which the court below very reasonably decided that since she caused her own judgment to be satisfied of record the matter was res judicata against her. However, it would appear that unless there was

---

[2] Incidentally no notation of satisfaction of the plaintiff's judgment was made in the margin of the judgment index, as is required by the Act of June 8, 1891, P. L. 244, §1, 12 PS §979.

a novation she is entitled to recover a substantial amount of rent from the defendant and she has not had the matter determined on the merits. Despite the fact that her difficulties are due largely to her own procedural errors, she should not lose her rights because of a procedural mistake. Our Supreme Court in Pa. R. C. P. No. 126 has laid down the rule that "The court at every stage of any . . . action or proceeding may disregard any error or defect of procedure which does not affect the substantial rights of the parties."

Order reversed. The case is remanded for further proceedings in accordance with this opinion.