**A–1 DISCOUNT COMPANY, Appellant,**

v.

**Don J. NARDI and Sandra M. Nardi, h/w, Appellees.**

Superior Court of Pennsylvania.

Submitted May 10, 1999.
Filed July 20, 1999.

Matthew N. Goldstein, Philadelphia, for appellant.

Don J. Nardi, Pro Se, appellee.

Sandra M. Nardi, Pro Se, appellee

Before EAKIN, SCHILLER and TAMILIA, JJ.

TAMILIA, J.:

¶ 1   Appellant, A–1 Discount Co., appeals from the August 6, 1998 Order deny-

ing its Petition to Vacate, Cancel or Strike–Off Satisfaction of Judgment.

¶ 2  Appellant is a finance company that made a loan to appellees, Don and Sandra Nardi, in the amount of $25,000. In return for the loan, appellees executed a note in favor of appellant. In April, 1989, after appellees failed to make a single payment on the loan, appellant filed a Complaint in Confession of Judgment against appellees. Appellant's obtained a judgment that was docketed on April 17, 1989. The judgment ultimately became a lien against real property owned by appellees at 127 Kenilworth Street in the City of Philadelphia. The property was also subject to a prior mortgage held by one Sanford Pinkus. When appellees defaulted on the mortgage, they conveyed the deed to Pinkus in lieu of foreclosure. In 1992, in order to extinguish appellant's judgment lien against the property, Pinkus (as holder of the mortgage) sought to foreclose against himself (as owner of the real property). Appellant sought an injunction to prevent foreclosure. In December, 1992, appellant and Pinkus reached a settlement whereby Pinkus was permitted to foreclose on the property in exchange for $10,000. The settlement agreement provided in relevant part that it did not extinguish "the A–1 Judgment against the Nardis with respect to assets other than the subject Real Property." On April 5, 1994, appellant revived the judgment against appellees.

¶ 3  Thereafter, in 1995, Pinkus attempted to sell the property in question and became aware that, despite the 1992 settlement, appellant's lien against the property had not been marked satisfied. Counsel for Pinkus then wrote a letter to appellant in which he stated that "the judgment entered against the Nardi[s] was to have been marked satisfied when the case was settled in December, 1992." [1] On March 27, 1995, in response to the letter, counsel for appellant erroneously marked the entire judgment satisfied instead of merely releasing the judgment lien against the subject real property. On May 14, 1998, appellant filed its petition to strike the satisfaction of judgment. Appellees did not file an answer to appellant's petition. However, appellee, Don Nardi, appeared at an oral hearing held on August 6, 1998. During the brief hearing, Nardi questioned the "timeliness of this action," (N.T., 8/6/98, at 5), but he did not elaborate on this statement. Nardi also stated that he and his wife, appellee, Sandra Nardi, had filed separate bankruptcy actions in early 1990's. Nardi further indicated his belief that appellant's judgment had been discharged by the bankruptcies. In support of this claim, however, Nardi produced only a motion for reconsideration converting his bankruptcy action from Chapter 11 to Chapter 7. He produced no documentation indicating that appellant's judgment was discharged. Following the discussion of the appellees' bankruptcies, the court denied appellant's petition to strike the satisfaction. While the court did not indicate its rationale for denying appellant's petition at that time, its reasons for the denial are set forth in a subsequent opinion filed pursuant to Pa. R.A.P.1925(b).

¶ 4  Initially, given the failure of appellee, Don Nardi, to provide evidence to the contrary, the court found that appellant's judgment survived the bankruptcies of appellees.[2] The court concluded without discussion, however, that there was "no basis for A–1's allegation of mistake in the entry of satisfaction of their judgment against the Nardi[s]." (Slip op., Colins, J., 11/30/98, at 6.) Finally, the court held that appellant had "abandoned its rights under the lien" by waiting three years to petition to strike the satisfaction, particularly

---

1. A copy of the letter was attached as Exhibit "B" to appellant's petition to strike.

2. The court found "no evidence of an affirmative action taken by the Nardi[s] to avoid the judgment lien held by A–1 in either of their actions for bankruptcy." (Slip op., Colins, J., 11/30/98, at 5.)

where granting the petition "would prejudice the rights of [appellees] in their other properties." (Slip op. at 7.) On appeal, appellant argues the court abused its discretion by denying the petition to strike the satisfaction of judgment. For the reasons that follow, we agree with appellant.

¶ 5 A petition to strike a satisfaction of judgment is equitable in nature and is governed by equitable principles. *Beck v. Beck*, 435 Pa.Super. 449, 646 A.2d 589 (1994); *Epstein v. Kramer*, 365 Pa. 589, 76 A.2d 212 (1950). A petition to strike the entry of satisfaction is addressed to the trial court's discretion and the court's adjudication of the petition will not be reversed absent an abuse of that discretion. *Beck, supra* ; *Shoup v. Shoup*, 205 Pa. 22, 54 A. 476 (1903). The entry of satisfaction of a judgment may be stricken where the satisfaction has been entered by fraud or mistake. *Beck, Epstein, supra* ; *Philadelphia v. Simon*, 12 Pa.Super. 159 (1899).

¶ 6 Instantly, we find that satisfaction of judgment in this case was entered by mistake and should have been stricken by the trial court. The uncontradicted evidence presented at the hearing of August 6, 1998, indicated that appellant's counsel mistakenly marked the judgment satisfied based upon an incorrectly drafted letter from counsel for Sanford Pinkus. Far from offering an alternative version of events, appellee, Don Nardi, conceded at the hearing that entry of satisfaction "may have been a mistake." (N.T., 8/6/98, at 6.) Moreover, neither appellee filed an answer to appellant's petition.[3] Thus, the record contains no evidence whatsoever refuting appellant's statement that the judgment was marked satisfied as a result of his attorney's mistake. Although we reiterate that the trial court's decision may not be reversed except upon an abuse of discretion, we find a complete absence of support for the trial court's unexplained decision to reject appellant's "allegation of mistake."

As noted, a petition to strike a satisfaction of judgment is equitable in nature, *Beck, supra,* and it is undisputed that appellees neither repaid any portion of the $25,000 loan nor provided any consideration for the satisfaction. It would hardly be equitable to allow appellees to escape their obligation merely because counsel for appellant inadvertently marked the entire judgment satisfied instead of merely releasing a lien arising under that judgment.

¶ 7 Nor is it determinative that appellant or its representative was at fault in mistakenly marking the judgment satisfied. In *Strauss v. Weinstein*, 203 Pa.Super. 389, 198 A.2d 631 (1964), we considered a situation in which counsel for plaintiff, a judgment creditor, mistakenly had the entire judgment marked satisfied when he intended to satisfy only the plaintiff's liability for costs related to a prior action. When plaintiff commenced a new action, defendant raised the satisfaction in defense. The trial court ruled in defendant's favor. In reversing, we held that "the satisfaction was entered in error and, even though the plaintiff was chiefly responsible for that error, justice requires that it be rectified.... Despite the fact that her difficulties are due largely to her own procedural errors, she should not lose her rights because of a procedural mistake." *Id.* at 632–33. As in *Strauss*, the trial court's ruling in the instant case operates to divest appellant of a substantive legal right based on a procedural error. Equity will not permit this result. *Strauss, supra.*

¶ 8 Finally, we note the trial court's conclusion that appellant "abandoned" its right to collect the judgment because it waited three years to file its petition to strike the satisfaction of judgment. Although the trial court did not mention the doctrine by name, its ruling was clearly premised on the doctrine of laches. It is well-established that laches has two requirements: (1) a delay arising

---

**3.** Appellees have also chosen not to file an    appellate brief.

from the petitioner's lack of due diligence, and; (2) resulting prejudice to the respondent. *Weinberg v. State Board of Examiners of Public Accountants*, 509 Pa. 143, 501 A.2d 239 (1985). Our courts have repeatedly held that delay alone will not establish laches; instead, prejudice is an essential element of laches and the doctrine will not be applied in its absence. *See e.g. Rodgers v. Woodin*, 448 Pa.Super. 598, 672 A.2d 814, 817 (1996); and *Bullock v. Bullock*, 432 Pa.Super. 643, 639 A.2d 826 (1994). Instantly, the record contains not a scintilla of evidence, or even an allegation, that appellees were prejudiced by the three-year delay between satisfaction of the judgment and appellant's petition to strike. In its opinion, the trial court states baldly that "the rights of appellees in their other properties" would be prejudiced if appellant's petition was granted. (Slip op. at 7.) Nowhere in the record does it appear that appellees even own other properties, however, much less that their rights in those properties would be prejudiced if appellant's petition was granted. As noted, the sole effort of appellees to defend this action was Don Nardi's appearance at the hearing of August 6, 1998. At that hearing, Nardi questioned only the "timeliness of this action" and he claimed the judgment was discharged in bankruptcy. He did not mention ownership of other property and the topic of prejudice never arose. On this record, the doctrine of laches was not established. *See Miller v. Bistransky*, 451 Pa.Super. 433, 679 A.2d 1300 (1996) (laches held inapplicable to 50 year delay where prejudice not proven); and *Olson v. North American Industrial Supply*, 441 Pa.Super. 598, 658 A.2d 358 (1995) ("Laches will not be imputed where no injury has resulted to the other party by reason of the delay.").

¶ 9 Having concluded that satisfaction of judgment was entered by mistake and that the doctrine of laches does not apply to this action, we must reverse the August 6, 1998 Order of the trial court and remand for proceedings consistent with this Opinion.

¶ 10 Order reversed; case remanded.

¶ 11 Jurisdiction relinquished.