**ALLIANCE FUNDING COMPANY,**
Appellant,

v.

**Arlene G. STAHL, Charles Stahl, Daniel R. Reichard, Linda K. Reichard, Denise M. Wilson, Gregory B. Smith,** Appellees.

Superior Court of Pennsylvania.

Submitted May 15, 2003.

Filed July 24, 2003.

Michele M. Bradford, Philadelphia, for appellant.

Joseph C. Michetti, Trevorton, for Smith and Wilson, appellee.

BEFORE: STEVENS, LALLY–GREEN, and KLEIN, JJ.

OPINION BY LALLY–GREEN, J.:

¶ 1 Appellant, Alliance Funding Company, appeals from the order entered on June 28, 2002. We reverse and remand.

¶ 2 The trial court found the following facts:

In this case Plaintiff provided $140,000 to Defendants Stahl, in exchange for a purchase money mortgage, on or about November 6, 1998, which mortgage was then duly recorded in the Columbia County Office of Recorder of Deeds. The same day, Defendants Stahl gave a second mortgage to Defendants Reichard, which was also duly recorded. On February 19, 1999 Defendants Wilson/Smith commenced suit against Defendants Stahl.[1]

On August 11, 1999, Plaintiff filed an allegedly erroneous Satisfaction Piece in the Columbia County Recorders Office. February 16, 2000 Defendants Wilson/Smith were awarded a verdict by an arbitration board in the sum of $9,000. On November 9, 2001, nearly 27 months later, Plaintiff filed a Complaint in Quiet Title, asking the court to strike their satisfaction piece, along with a Lis Pendens. Three months later, on February 16, 2002, Plaintiff filed a Motion to Strike Satisfaction Piece, the same relief requested in their Quiet Title Complaint. Plaintiff then filed a Motion for Hearing on May 16, 2002.

Following the June 6, 2002 hearing an Order denying Plaintiff's relief is issued on June 28, 2002. Plaintiff appealed, filed their Statement of Matters Com-

---

**1.** The record reflects that landlords, Denise Wilson and Gregory Smith, filed a landlord/tenant complaint against the Stahls on February 19, 1999. *See,* Trial Court Opinion, 9/16/02; O.R. at 1. On February 16, 2000, Wilson and Smith received a judgment in the amount of $9,218.50 pursuant to that action.

*Id.* The record does not reflect the nature of the landlord/tenant relationship. The Stahls filed a bankruptcy petition on July 14, 2000. *See,* O.R. at 7, ¶ 25. Wilson and Smith are, thus, judgment creditors of the Stahls. *See,* O.R. at 2.

plained Of and this Opinion is in response thereto.

Trial Court Opinion, 9/16/02, at 1–2. This appeal followed.

¶ 3 Appellant raises three issues on appeal:

1) Did the lower court abuse its discretion or commit an error of law in its evaluation of the evidence presented at the June 6, 2002 hearing?

2) Did the trial court abuse its discretion in denying appellant's Motion to Strike Mortgage Satisfaction Piece?

3) Did the trial court abuse its discretion or commit an error of law by failing to find Charles Stahl in contempt of court and by failing to order him to answer questions?

Appellant's Brief at 4. We address Appellant's second issue first because it is dispositive of the appeal.

■ ¶ 4 Appellant claims that the trial court erred in not granting its Motion to Strike Mortgage Satisfaction Piece because Appellant presented sufficient evidence to establish that Appellant entered the mortgage satisfaction piece in error.[2] A petition to strike the entry of satisfaction is addressed to the trial court's discretion and the court's adjudication of the petition will not be reversed absent an abuse of that discretion. *A–1 Discount Co. v. Nardi*, 735 A.2d 121, 123 (Pa.Super.1999).

■ ¶ 5 Satisfaction of a mortgage, while *prima facie* evidence of payment, is not conclusive and can be tested in a hearing notwithstanding the fact that the record was marked satisfied. *St. Clement's Building & Loan Ass'n v. McCann*, 126 Pa.Super. 20, 190 A. 393, 394 (1937). Equity affords relief where an encumbrance has been discharged through a mistake. *Id.* As we stated in *St. Clement's:*

The record is not necessarily conclusive upon the parties as there is nothing so sacrosanct about the satisfaction of a mortgage that stops the truth from being shown. All that is incumbent upon the part of this plaintiff to attain the relief it seeks is to prove that the defendants were *not entitled* to have the mortgage satisfied.... On the same principle, a release or satisfaction entered by accident or inadvertence, as where it is made to apply to the wrong mortgage, or by a mistake as to an essential fact, so that it is not in accordance with the real intention of the party, may be set aside and the mortgage reinstated, except as the rights of third persons may prevent.

*St. Clement's*, 190 A. at 394. This principle applies even where the exact nature of the mistake is not disclosed. *Id.*

¶ 6 More recently, this Court determined that where a finance company mistakenly entered a satisfaction of judgment, the company's petition to strike should have been granted and the mistaken satisfaction of judgment stricken. *A–1 Discount Co.*, 735 A.2d at 123. In *A–1 Discount*, the finance company mistakenly marked an entire judgment satisfied instead of merely releasing the judgment lien against the subject real property. *Id.*

2. Section 681, 21 P.S. 681, addresses the satisfaction of mortgages by satisfaction piece and provides:

Any mortgagee of any real or personal estates in the Commonwealth, having received full satisfaction and payment of all such sum and sums of money as are really due to him by such mortgage, shall, at the request of the mortgagor, enter satisfaction either upon the margin of the record of such mortgage recorded in the said office, or by means of a satisfaction piece, which shall forever thereafter discharge, defeat and release the same; and shall likewise bar all actions brought, or to be brought thereupon.

21 P.S. § 681.

at 122. We concluded that the finance company's fault in mistakenly marking the judgment satisfied was not determinative because equity would not permit a ruling that divested the finance company of a substantive legal right based on a procedural error. *Id.* at 123. Thus, the satisfaction of judgment was entered by mistake and the trial court's determination was reversed.

¶ 7 Here, the trial court reasoned as follows:

[Appellant's] first claim of error was the failure of this court to accept a Proof of Claim, filed in a bankruptcy, as sufficient evidenced [sic] that a balance remained due on Stahl's mortgage to [Appellant]. The court refused to accept the exhibit as sufficient proof, in and of itself, because it was executed by counsel and not by any member of the [Appellant] organization with authorization to sign. Indeed, no one from the [Appellant] testified at all.

The second form of claimed error is that the court failed to consider that no Defendant presented evidence that the mortgage had been paid off. Indeed, in the adversarial system the [Appellant] must bear its burden and in light of testimony received from [Appellant], there was no need for such testimony.

Finally, [Appellant] asserts that the court should have granted the requested relief and permitted the mortgage to remain as a subordinated lien, if indeed, the court felt it should not hold a first lien priority.

[Appellant] at no time offered testimony or even a scintilla of evidence as to how or why a Satisfaction Piece was or would have been entered by error. There was not a scintilla of evidence from a representative of [Appellant] as to how much of the money due to [Appellant] had been received and therefore how much remained. [Appellant] made no effort at all to explain why it took over two years to notice that the mortgage had been satisfied. No testimony was offered as to whether payments were received in the interim period between the satisfying and a much later date.

This court had no difficulty in knowing what priority [Appellant's] mortgage should occupy. The difficulty lay with wondering why [Appellant] absolutely refused to call a witness on behalf of itself, even when asked and advised by defense counsel that it should do so, to put on any evidence that it had loaned money, received some but not all back, was still due a certain amount, and had erroneously satisfied the record of the loan.

Because [Appellant] was woefully in default of supportive evidence for bearing its burden, the court found against [Appellant] and denied the requested relief.

Trial Court Opinion, 9/16/02, at 2–3. The trial court, thus, focused on Appellant's failure to explain how Appellant mistakenly entered the mortgage satisfaction piece.

¶ 8 Our review of the record reflects the following. Appellant subpoenaed mortgagee, Charles Stahl, to appear as a witness at the June 6, 2002 hearing. N.T., 6/6/02, at 5–6, 15. Mr. Stahl testified regarding his outstanding debts and bankruptcy proceedings. *Id.* at 16. Mr. Stahl admitted that Appellant held a mortgage on the Stahl's house in the approximate amount of $150,000.00. *Id.* He stated that the mortgage debt began in November of 1998. *Id.* at 17. Mr. Stahl conceded that Schedule D of his bankruptcy filings listed Appellant as a creditor holding a secured claim of $147,918.00. *Id.* at 20.

¶ 9 Our review of the record also reflects that Appellant introduced the Stahl's mort-

gage executed on November 6, 1998 as an exhibit without objection. N.T., 6/6/02, at 4, 31. Appellant introduced the mortgage satisfaction piece filed on August 11, 1999 as an exhibit without objection. *Id.* at 4, 31.

¶ 10 Appellant also introduced, without objection, the bankruptcy documents filed by the Stahls which included Schedule D, listing the $150,000.00 security on their home. *Id.* at 4–5, 32. The bankruptcy documents also included a certified copy of the Stahls' Statement of Financial Affairs which included a copy of the Stahls' 1999 Federal Tax Return. *Id.* at 4–5. On the tax return, the Stahls claimed $9,839.00 in mortgage interest deductions. *See,* Exhibit 3, Schedule D Income Tax Return. The Stahls signed the bankruptcy documents including Schedule D and the Federal Tax form on July 26, 2000. *See,* Exhibit 3– Declaration Concerning Debtor's Schedules.

¶ 11 Appellant filed a Proof of Claim with the Bankruptcy Court on August 25, 2000 for $155,235.93 incurred from the November 6, 1998 mortgage on the Stahl's house. *See,* Exhibit 4. This exhibit was objected to but the trial court did not rule on its admission at the hearing, determining to decide admissibility at a later date. N.T., 6/6/02, at 34.

¶ 12 The exhibits demonstrate that the Stahls' mortgage debt had not been paid as late as July 26, 2000, over one year after the mortgage satisfaction piece was executed on June 10, 1999. Mr. Stahl admitted that Appellant held a mortgage on his house in the approximate amount of $150,000.00 at the June 6, 2002 hearing. This evidence demonstrates that Appellant entered the August 11, 1999 mortgage satisfaction piece in error and that Appellant is entitled to strike the mortgage satisfaction piece. Except as the rights of third parties may predominate, the trial court abused its discretion in failing to grant Appellant's Motion to Strike Mortgage Satisfaction Piece. *St. Clement's; A–1 Discount Co.*

■ ¶ 13 Our inquiry continues because: a ... satisfaction entered by accident or inadvertence ... may be set aside and the mortgage reinstated, except as the rights of third persons may prevent.

*St. Clement's,* 190 A. at 394. Here, the rights of third-parties, Appellees, Daniel and Linda Reichard, Denise Wilson, and Gregory Smith, are at issue.

¶ 14 Our review of the record reflects that Appellant entered into a mortgage agreement on the subject premises with the Stahls on November 6, 1998. *See,* Original Record at 1, Complaint to Quiet Title, Para. 1 and Exhibit A. Appellant recorded the mortgage in the Office of the Recorder of Deeds of Columbia County on November 9, 1998. *See,* Original Record at 1, Complaint to Quiet Title, Para. 1. The same day, November 6, 1998, the Stahls gave a second mortgage to Appellees Daniel and Linda Reichard and recorded the second mortgage. *See,* Original Record at 1, Complaint to Quiet Title, Para. 4. On February 19, 1999, Appellee landlords, Denise Wilson and Gregory Smith filed a landlord/tenant complaint against the Stahls. *See,* Original Record at 1, Complaint to Quiet Title, Para. 7. On June 10, 1999, Appellant erroneously filed a mortgage satisfaction piece on the Stahls' mortgage. *See,* Original Record at 1, Complaint to Quiet Title, ¶¶ 2 and 3. Appellant discovered the mistake on August 11, 1999. *See,* Original Record at 1, Complaint to Quiet Title, Exhibit B. On February 16, 2000, an arbitration panel awarded Appellees Wilson and Smith $9,218.50. Appellant filed a complaint on November 9, 2001 seeking to strike the mortgage satisfaction piece and to declare the mortgage as a valid first lien on the Stahl property. *See,* Original Record at 1,

Complaint to Quiet Title. Appellees Wilson and Smith filed an answer on December 21, 2001. *See,* Original Record at 2. The Stahls filed a bankruptcy petition on July 14, 2000.

¶ 15 The trial court denied Appellant's Motion to Strike Mortgage Satisfaction Piece on June 28, 2002 because Appellant failed to prove with evidence that Appellant entered the satisfaction in error. The trial court, thus, did not reach a determination setting the priority status of various liens on the Stahl property. While we conclude that sufficient evidence exists to reverse the trial court's denial of Appellant's Motion to Strike Mortgage Satisfaction Piece, we can not address whether the rights of third parties prevail. We, thus, remand for a trial court determination to establish the existence of any and all liens and then to set the priority status of the liens on the Stahl property. *St. Clement's.*

¶ 16 Order reversed; case remanded. Jurisdiction relinquished.