J-A16024-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LOWELL FUNDING GROUP, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WADE MOORE | : | No. 1931 EDA 2017 |

Appeal from the Judgment Entered July 17, 2017
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 151202974

BEFORE: BENDER, P.J.E., LAZARUS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY LAZARUS, J.: **FILED AUGUST 30, 2018**

Lowell Funding Group, LLC, appeals from the judgment, entered in the Court of Common Pleas of Philadelphia County, after the trial court dismissed its quiet title action seeking to strike a mortgage satisfaction piece. After careful review of the record, we vacate and remand for further proceedings.

On April 12, 2006, Wade Moore borrowed $20,000.00 from Chase Bank, USA, N.A. ("Chase"). The loan was evidenced by a note and was secured by a mortgage, also dated April 12, 2006. On April 2, 2007, Chase assigned the mortgage to JPMorgan Chase Bank, N.A. ("JPMorgan Chase"). On January 24, 2008, JPMorgan Chase assigned the mortgage to B&B Funding, LLC ("B&B"). On January 25, 2008, B&B assigned the mortgage to Lowell.

Moore made payments on the mortgage, to Lowell, from February 4, 2008, through May 23, 2014. On October 23, 2013, more than five years after it assigned away its interest in the loan, JPMorgan Chase filed a

satisfaction of mortgage. It is not disputed that Moore did not complete his payment obligations under the mortgage before the note was satisfied and, indeed, continued to make payments for seven months after the date of the satisfaction. On January 26, 2015, Moore entered into a reverse mortgage with Net Equity Financial, Inc., with Mortgage Electronic Registration Systems, Inc. (hereafter "MERS") as nominee.

On December 23, 2015, Lowell filed a quiet title action seeking to strike the mortgage satisfaction piece filed by JPMorgan Chase on October 23, 2013, claiming it was filed in error and that Lowell, not JPMorgan Chase, was the actual holder of the note. Moore filed preliminary objections on May 16, 2016, requesting MERS and JPMorgan Chase be joined as indispensable parties. On July 6, 2016 the trial court overruled Moore's preliminary objections and ordered him to file an answer. Ultimately, a bench trial was held before the Honorable John M. Younge, who denied Lowell relief, concluding that: (1) Lowell failed to join JPMorgan Chase as a necessary party; (2) Lowell did not prove that it had the right to enforce the note; and (3) Lowell did not prove that JPMorgan Chase did _not_ have the right to enforce the note.

On May 8, 2017, Lowell filed a motion for post-trial relief, which was denied on May 24, 2017. On June 12, 2017, Lowell filed a notice of appeal. However, because no judgment had been entered on the trial court docket as required by Pa.R.A.P. 301, this Court issued an order directing Lowell to praecipe the trial court Prothonotary to enter judgment. A judgment in favor

of Moore was entered on July 17, 2017, and the appeal now proceeds. Lowell raises the following questions for our review:

1. Whether or not the [trial court] erred in its verdict for the Defendant Wade Moore and in its Findings of Fact and Conclusions of Law?

2. Whether or not the [trial court] erred in its conclusion that the [s]atisfaction of [m]ortgage issued by JPMorgan Chase Bank, NA ("JPMorgan") was valid, even though it was issued after JPMorgan assigned its rights in the [m]ortgage of record[?]

3. Whether or not the [trial court] erred in its conclusion that the [s]atisfaction of [m]ortgage issued by JPMorgan was valid, even though the unrefuted testimony of a witness of JPMorgan was that the said [s]atisfaction was filed due to an inadvertent mistake[?]

4. Whether or not the [trial court] erred in refusing to strike the [s]atisfaction of [m]ortgage filed of record by JPMorgan where Wade Moore admitted to owing the balance of the loan and that the said loan was not paid off[?]

5. Whether or not the [s]atisfaction of the subject [m]ortgage by JPMorgan, executed and recorded after JPMorgan assigned away its interest in the [m]ortgage, was legally ineffective and invalid[?]

6. Whether or not the [trial court] erred in its conclusion that Plaintiff Lowell Funding, LLC [does not have] standing to bring a [q]uiet [t]itle [a]ction with respect to the subject [m]ortgage which both parties stipulated was assigned to Lowell Funding, LLC[?]

Brief of Appellant, at 4-5.

We begin by noting our standard of review of nonjury verdict:

Our appellate role in cases arising from nonjury trial verdicts is to determine whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in any application of the law. The findings of fact of the trial judge must be given the same weight and effect on appeal as the verdict of a jury. We consider the evidence in a light most favorable to the verdict winner. We will reverse the trial court only if its

- 3 -

findings of fact are not supported by competent evidence in the record or if its findings are premised on an error of law.  However, where the issue concerns a question of law, our scope of review is plenary.

***Allegheny Energy Supply Co., LLC v. Wolf Run Min. Co.***, 53 A.3d 53, 60-61 (Pa. Super. 2012) (citation omitted).

Although Lowell presents multiple issues for our review, the crux of this appeal is whether the trial court's finding that Lowell did not have the authority to enforce the mortgage is supported by the record.  In concluding that Lowell did not have authority to enforce the note, the court found that Lowell "did not establish a clear chain of title for the mortgage."  Findings of Fact and Conclusions of Law, 4/24/17, at ¶ 25.  The trial court based this conclusion on the fact that there was no record evidence of the transfer of the mortgage from the original mortgage holder, Chase, to JPMorgan Chase.  The court also found that, because the allonge[1] accompanying the assignment of the note from B&B to Lowell is undated, there is insufficient proof that Lowell had the right to enforce the mortgage on the date JPMorgan Chase filed its satisfaction.  Finally, the court found there was sufficient evidence to prove JPMorgan did not have the right to enforce the note on the date the satisfaction was filed.

---

[1] An allonge is "[a] slip of paper sometimes attached to a negotiable instrument for the purpose of receiving further indorsements when the original paper is filled with indorsements."  ***JPMorgan Chase Bank, N.A. v. Murray***, 63 A.3d 1258, 1259 (Pa. Super. 2013), quoting Black's Law Dictionary 76 (Deluxe 7th ed.).

Upon review, we conclude that the trial court's findings are in error and not supported in the record.

> [A s]atisfaction of a mortgage, while *prima facie* evidence of payment, is not conclusive and can be tested in a hearing notwithstanding the fact that the record was marked satisfied. ***St. Clement's Building & Loan Ass'n v. McCann***, [] 190 A. 393, 394 ([Pa. Super.] 1937). Equity affords relief where an encumbrance has been discharged through a mistake. ***Id.*** As we stated in ***St. Clement's***:
>
> > The record is not necessarily conclusive upon the parties as there is nothing so sacrosanct about the satisfaction of a mortgage that stops the truth from being shown. All that is incumbent upon the part of this plaintiff to attain the relief it seeks is to prove that the defendants were not entitled to have the mortgage satisfied[.] On the same principle, a release or satisfaction entered by accident or inadvertence, as where it is made to apply to the wrong mortgage, or by a mistake as to an essential fact, so that it is not in accordance with the real intention of the party, may be set aside and the mortgage reinstated, except as the rights of third persons may prevent.
>
> [***Id.***] at 394. This principle applies even where the exact nature of the mistake is not disclosed. ***Id.***

***All. Funding Co. v. Stahl***, 829 A.2d 1179, 1181 (Pa. Super. 2003).

Additionally, it is well-settled that a note is a negotiable instrument under the Pennsylvania Uniform Commercial Code[2] and that the holder of the note has the power to enforce the note. ***See JPMorgan Chase Bank, N.A. v. Murray***, 63 A.3d 1258, 1266 (Pa. Super. 2013). Thus, challenges to the chain of possession of a note are "immaterial to its enforceability." ***See id.*** Moreover, an allonge need not be dated in order to be valid and enforceable.

---

[2] 13 Pa.C.S.A. §§ 1101-9809.

*See Bank of America, N.A. v. Gibson*, 102 A.3d 462, 466 (Pa. Super. 2014) (note's lack of date did not affect enforceability); *see also* 13 Pa.C.S.A. § 3113 ("If an instrument is undated, its date is the date of its issue or, in the case of an unissued instrument, the date it first comes into possession of a holder."). Finally, a history of payments may be persuasive evidence of who possesses the note. *Cf. Gibson*, *supra* at 466 (history of payments persuasive in determining mortgagee had authority to enforce mortgage).

Here, Lowell presented the original note at trial. While the allonge transferring the note from B&B to Lowell was undated, the assignment from B&B to Lowell was dated January 25, 2008, more than five years before the mortgage satisfaction was filed. Moreover, it is undisputed that Moore made regular payments on the note to Lowell from February 4, 2008 through May 23, 2014, a time span which encompasses October 23, 2013, the date on which the satisfaction piece was filed. Only after Lowell sought to strike the satisfaction did Moore contend that Lowell was operating under an improperly transferred mortgage.

Additionally, Albert Smith, Jr., a corporate representative of JPMorgan Chase, testified at trial that JPMorgan Chase sold the loan, and all of its interest therein, in 2008, and it never reacquired any interest in the loan thereafter. *See* N.T. Trial, 3/20/17, at 75-76. Smith testified that the mortgage satisfaction was filed in error and that JPMorgan Chase had no interest in the loan at the time the satisfaction was filed.

In light of the foregoing, even viewed in a light most favorable to Moore as verdict winner, we conclude that the findings of the trial court are not supported by the evidence presented at trial that Lowell possessed the note at the time the satisfaction was filed and that JPMorgan Chase had no interest in the loan when it erroneously filed the mortgage satisfaction. Furthermore, the trial court committed an error of law by finding that Lowell did not have standing because it failed to establish a clear chain of title for the mortgage.[3] As stated above, the noteholder has the power of enforcement, and the evidence established that Lowell held the note at the time JPMorgan filed its mortgage satisfaction.

The trial court also concluded that JPMorgan Chase was an indispensable party to the action and that Lowell's failure to join it was fatal to its claim. We disagree.

> [A] party is indispensable "when his or her rights are so connected with the claims of the litigants that no decree can be made without impairing those rights." *City of Phila. v. Commonwealth*, [] 838 A.2d 566, 581 ([Pa.]2003), quoting *Sprague v. Casey*, [] 550 A.2d 184, 189 ([Pa.]1988). "If no redress is sought against

---

[3] We note that the trial court's conclusions of law are internally contradictory. Specifically, the court concluded that there was no evidence of an assignment of the mortgage and accompanying note from Chase to JPMorgan Chase. In the court's view, this fact was determinative of Lowell's inability to establish a clear chain of title from Chase to itself, thus depriving Lowell of standing to bring the action to enforce its right in the mortgage and note. However, assuming, *arguendo*, that Chase did not transfer the loan to JPMorgan Chase, then it follows that JPMorgan Chase never controlled the mortgage and, therefore, never had the authority to satisfy the mortgage. However, as noted above, it is not chain of title, but possession, which confers authority to enforce the note. *Murray*, *supra*.

a party, and its rights would not be prejudiced by any decision in the case, it is not indispensable with respect to the litigation." ***Grimme Combustion, Inc. v. Mergentime Corp.***, [] 595 A.2d 77, 81 ([Pa. Super.] 1991), citing ***Sprague***, ***supra***.

***Orman v. Mortgage I.T.***, 118 A.3d 403, 406 (Pa. Super. 2015).  All parties claiming title to the property are considered indispensable in a quiet title action.  ***Id.***

Here, JPMorgan Chase does not claim an interest in the property at issue.  Corporate representative Smith specifically testified that the bank did not have an interest in the property at the time it filed the mortgage satisfaction, and that the satisfaction was filed in error.  Smith further testified that JPMorgan Chase has not had an interest in the property since it assigned its interest in the loan to B&B Funding in January 2008.  Lowell seeks no redress against JPMorgan, and JPMorgan does not challenge Lowell's efforts to strike the satisfaction.  Indeed, Smith testified at trial that JPMorgan sought to assist in correcting its mistake:

> Q:  Mr. Smith, were there any attempts made by JPMorgan to undo the satisfaction of the mortgage dissatisfaction [*sic*] piece?
>
> A:  Well, normally we would res[cind] the transaction.  It is my understanding that in this particular case, there has to be a court order to do that.  We had – we completed an affidavit testifying to the fact that *we didn't have any interest in the property, but we're here today in an effort to undo what was done in error*.

N.T. Trial, 3/20/17, at 76-77 (emphasis added).

Based on the foregoing it is readily apparent that JPMorgan is not an indispensable party to this action and the trial court erred in so concluding.

- 8 -

However, our inquiry does not end here. Because it concluded that Lowell was not entitled to strike the mortgage satisfaction, the trial court did not reach a determination setting the priority status of the liens on the Moore property. While we conclude that sufficient evidence exists to reverse the trial court's denial of Lowell's application to strike the mortgage satisfaction piece, we are unable address whether the right of MERS, as current first-position lien holder, prevails. Accordingly, we remand for proceedings, in which MERS is joined as an indispensable party, to establish the existence of any and all liens and then to set the priority status of the liens on the Moore property. *See Stahl*, *supra* (satisfaction entered by accident or inadvertence may be set aside and mortgage reinstated, except as rights of third persons may prevent).

Judgment vacated; case remanded for proceedings consistent with the dictates of this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/30/18